IN RE LEGITIMATION OF CONN,
A MINOR CHILD.

(No. 82AP-291—Decided
August 24, 1982.)

*Messrs. Wolf, Elliott & Sunderman* and *Mr. David P. Sunderman,* for appellant Vanessa Mosely.

*Messrs. Brownfield, Bowen & Bally, Mr. William H. Arnold* and *Mr. Albert L. Tidwell,* for appellee Steven Gibson.

McCORMAC, J. Steven E. Gibson filed an application to acknowledge the paternity of Nicole L. Conn, alleging that he is her natural father. The child was born of Vanessa Conn, who was then unmarried. Gibson further alleged that the establishment of this relationship is in the best interests of the child and requested the court to enter upon its journal, pursuant to R.C. 2105.18, a finding that he is the natural father of Nicole L. Conn. Attached to the application to acknowledge paternity was an agreed entry of Steven E. Gibson and Vanessa Conn, entered on September 25, 1981, in the Domestic Relations Division, Juvenile Branch of the Franklin County Court of Common Pleas, acknowledging that Steven E. Gibson is the natural father of Nicole L. Conn and deciding questions of support, custody and visitation rights.

The application for legitimation was set for hearing on February 25, 1982. Following that hearing, the probate court entered an order finding that Steven E. Gibson is the natural father of the child and that establishment of the relationship is for the best interests of the child. The court ordered and decreed that Nicole L. Conn is the child of Steven E. Gibson, as though born to him in lawful wedlock. The order of the probate court states that a consent to a finding that Steven E. Gibson is the natural father of Nicole L. Conn had been filed. The record contains no indication that a consent was filed in the probate court and all of the parties agree that no such consent was filed.

The natural mother of the child has appealed the order of the probate court granting the natural father's application to establish him as such pursuant to R.C. 2105.18, alleging that the court erred in granting the petition to legitimize because the mother had not consented to the legitimation as required by R.C. 2105.18.

R.C. 2105.18 provides, in part, as follows:

"The natural father of a child may file an application in the probate court of the county in which he resides, in the county in which the child resides, or the county in which the child was born, acknowledging that the child is his, and upon consent of the mother, or if she is deceased or incompetent, or has surrendered custody, upon the consent of the person or agency having custody of the child, or of a court having jurisdiction over the child's custody, the probate court, if satisfied that the applicant is the natural father, and that establishment of the relationship is for the best interest of the child, shall enter the finding of fact upon its journal, and thereafter the child is the child of the applicant, as though born to him in lawful wedlock."

There is no disagreement but that Steven E. Gibson is the natural father of

242

Nicole L. Conn. There is also no dispute as to the probate court's finding that the establishment of the relationship of Steven E. Gibson as the natural father of Nicole L. Conn is for the best interests of the child. However, the child's mother contends vigorously that, despite the fact that the applicant is the natural father and that the establishment of the relationship is in the best interests of the child, an application for legitimation can still not be ordered without consent of the mother. In other words, appellant contends that she may arbitrarily withhold her consent to the legitimation for reasons best known to her.

R.C. 2105.18 requires consent of the mother, but it is silent concerning the manner in which consent is to be received. R.C. 2105.18 does not specifically state that consent must be by oral testimony or in writing filed in the probate court. Conceivably, consent may be proved in some other fashion.

We have no record of the evidence before the probate court at the scheduled hearing. Both parties, however, agree that neither written nor oral consent was specifically given to the probate court in regard to this proceeding. However, appellee argues that part of the agreement surrounding the order of support and visitation in the domestic relations court was an agreement by the natural mother to the natural father's legitimation of the child pursuant to R.C. 2105.18. There is nothing in the probate court record to show that any consent thus granted has been revoked.

The evidence of the consent between the parties at the time of the hearing in domestic relations court, which resulted in the agreed entry, is sufficient to constitute consent pursuant to R.C. 2105.18.

Additionally, the consent of the natural mother referred to by R.C. 2105.18 appears to be related to proof that applicant is the natural father and that the establishment of the relationship is for the best interests of the child. It does not appear to be calculated to give the natural mother an arbitrary veto power over the legitimation of a child that obviously was produced as a result of the union of the applicant and the natural mother.

Appellee's motion to dismiss the appeal for minor procedural deficiencies is overruled on the basis that no prejudice has been demonstrated.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed and motion to dismiss overruled.*

WHITESIDE, P.J., and REILLY, J., concur.