IN RE CUSTODY OF DAVIS.

(No. 87-CA-1—Decided July 6, 1987.)

*Frank K. Leyshon,* for appellant.
*Russell H. Booth, Jr.,* for appellee.

MILLIGAN, J. Appellee, Margaret Berger, filed an action for custody of Michael Paul Davis in the Guernsey County Court of Common Pleas, Juvenile Division. R.C. 2151.23(A)(2). The complaint also prayed for child support

and any other appropriate relief from the child's alleged father, Donald Richard Davis, Sr., appellant herein. After providing appellant an opportunity to file a paternity action under R.C. Chapter 3111 (which appellant declined to do), the trial court issued an order of custody awarding the child to appellee, and ordered appellant to pay child support and provide hospitalization insurance. The court also granted appellant visitation rights.

Appellant appeals, assigning as error:

"I. The court erred to the prejudice of respondent [appellant] in its denial of respondent's motion to quash service of summons or in the alternative to dismiss the action.

"II. The court erred to the prejudice of respondent in its denial of respondent's motion to dismiss at the conclusion of the complaintant's [sic] case.

"III. The court erred to the prejudice of respondent by ordering child support, custody and other orders.

"IV. The court erred to the prejudice of respondent by ordering support, custody and other orders when there has been no finding of paternity as required by Ohio Revised Code Chapter 3111 and the respondent has not adopted said child.

"V. That an acknowledgement of paternity by the respondent pursuant to Ohio Revised Code Section 2105.18 is not an establishment of paternity upon which an order of custody and support may be ordered.

"VI. That the court erred to the prejudice of respondent by ordering child support, custody, visitation and other orders in the absence of a finding by the court that respondent was the natural father of such child.

"VII. That the court erred to the prejudice of the respondent by its order as follows:

" 'Motion to quash is denied. Motion to dismiss is denied. Respondent, Donald R. Davis, is granted leave to file an action under Ohio Revised Code Chapter 3111, within 30 days.'

"VIII. That the orders and procedure of the court violated appellant's constitutional rights under the Due Process Clause of the Ohio Constitution, Article I, Section 16 and the Constitution of the United States, Amendment XIV.

"IX. That the orders and procedure of the court violated appellant's constitutional rights under the Equal Protection Clause of the Ohio Constitution, Article I, Section 2, Article II, Section 26 and Amendment XIV of the United States Constitution.

"X. That where two (2) persons are presumed to be the father under Ohio Revised Code Section 2105.18, as previously enacted, the court has the mandatory duty under Ohio Revised Code Section 3111.02 to make both reputed fathers parties to the action and the failure to do so is a violation of appellant's constitutional rights and the courts [sic] statutory duty."

The facts of this case can best be presented in a chronological, schematic fashion.

| DATE | EVENT |
| --- | --- |
| Dec. 13, 1973 | Divorce of Carl J. Hoopingarner and Margaret Hoopingarner (appellee). |
| Jan. 8, 1977 | Birth of Michael Paul Hoopingarner; no father is listed on the birth certificate. |
| Dec. 5, 1978 | Donald Richard Davis, Sr. (appellant) acknowledges paternity in probate court per R.C. 2105.18. |

| DATE | EVENT |
| --- | --- |
|  | Order of legitimacy issued by probate court. |
| May 9, 1979 | Carl J. Hoopingarner and Margaret Hoopingarner obtain a marriage license to remarry; Mr. Hoopingarner declares Michael Paul to be his son. |
| May 19, 1979 | Carl and Margaret Hoopingarner remarry. |
| 1986 | Carl and Margaret Hoopingarner divorce each other again. |

The issue in this case is whether an action for custody and support of a child can be based upon an R.C. 2105.18 acknowledgement of paternity. Put another way, is an R.C. Chapter 3111 proceeding the exclusive procedure for determining paternity of a child born out of wedlock for purposes of child support and custody?

R.C. 2105.18 provides:

"The natural father of a child may file an application in the probate court of the county in which he resides, in the county in which the child resides, or the county in which the child was born, acknowledging that the child is his. If such an application is filed, upon consent of the mother, or if she is deceased, incompetent, or has surrendered custody, upon consent of the person or agency having custody of the child or of a court having jurisdiction over the child's custody, the probate court, if satisfied that the applicant is the natural father, and that establishment of the relationship is for the best interest of the child, shall enter the finding of fact upon its journal. Thereafter, the child is the child of the applicant, as though born to him in lawful wedlock."

The issue becomes whether the phrase "as though born to him in lawful wedlock" establishes paternity only for purposes of descent and distribution, or whether it can establish paternity for all legal purposes.

We hold that an acknowledgement of paternity under R.C. 2105.18 functions as an admission, and that the probate court's order of legitimacy, pursuant to R.C. 2105.18, is a judicial determination of parentage or paternity. The court's order, based on an R.C. 2105.18 acknowledgement of paternity, establishes a full parent-child relationship for all legal purposes. See *In re Legitimation of Conn* (1982), 7 Ohio App. 3d 241, 7 OBR 303, 455 N.E. 2d 16 (implicit recognition of propriety of support and visitation orders of domestic court after R.C. 2105.18 acknowledgement of paternity); *In re Adoption of Robinette* (C.P. 1976), 3 O.O. 3d 355 (a full legal father-child relationship is created when a father acknowledges his child under R.C. 2105.18). We reject the argument that an R.C. 2105.18 acknowledgement of paternity is valid only for purposes of descent and distribution. See *In re Mancini* (1981), 2 Ohio App. 3d 124, 2 OBR 138, 440 N.E. 2d 1232; *Chatman* v. *Chatman* (1978), 54 Ohio App. 2d 6, 8 O.O. 3d 24, 374 N.E. 2d 433. In *Mancini,* the court held that R.C. 2105.18 proceedings are not available to challenge the legitimacy of an already legitimate child, *i.e.,* a child born during marriage and found to be issue of the marriage partners in their prior divorce. In *Chatman,* the acknowledged father was found to have no custodial rights or duties in a subsequent divorce from the child's mother. We conclude that the logic in this case, remarkably similar to the case *sub judice,* is flawed.

Judge Wise, in his separate concurrence, suggests that this conclusion "flies in the face of the reported

cases." *In re Smith* (1984), 16 Ohio App. 3d 75, 16 OBR 79, 474 N.E. 2d 632, involves the "flip side" of the question and stands for the proposition that R.C. Chapter 3111 proceedings do not convert the reputed father finding to an R.C. 2105.18 designation of natural father. *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186, 189, 20 O.O. 3d 196, 198, 421 N.E. 2d 124, 126, acknowledges "two distinct proceedings in which to establish the paternity of an illegitimate child" — R.C. Chapter 3111 and an action by the child. The Supreme Court does not suggest that these are the *only* legal mechanisms to establish paternity. In fact, *State* v. *Stevens* (1970), 22 Ohio St. 2d 4, 51 O.O. 2d 2, 257 N.E. 2d 396, acknowledges that paternity may be proved in a criminal nonsupport action. (*State* v. *Carter* [1963], 175 Ohio St. 98, 23 O.O. 2d 390, 191 N.E. 2d 541.)

Further authority for the proposition that an R.C. 2105.18 acknowledgement of paternity is not simply a descent and distribution provision is found in the fact that the legislature has separately provided for designation of another as an heir at law in R.C. 2105.15. 13 West's Ohio Practice, Family Law (Milligan 1975), Sections 268 and 269.

In addition, we reject appellant's argument that R.C. Chapter 3111 is the exclusive procedure for determining parentage or paternity. R.C. 3111.02 itself provides that paternity *may* be established under R.C. Chapter 3111. In addition, paternity may be proved in a criminal nonsupport action under R.C. 2919.21. See *State* v. *Stevens, supra* (any evidence which would tend to establish or disprove paternity is relevant to inquiry of child neglect). Courts other than the juvenile court may have jurisdiction to determine paternity. See *Gatt* v. *Gedeon* (1984), 20 Ohio App. 3d 285, 20 OBR 376, 485 N.E. 2d 1059 (R.C. 3111.06[A] requires natural father to file paternity action in domestic relations court if filing action during divorce proceedings); *Standifer* v. *Arwood* (1984), 17 Ohio App. 3d 241, 17 OBR 508, 479 N.E. 2d 304 (common pleas court may assume jurisdiction of a parentage or paternity action).

## I

The trial court did not err in not quashing service of summons or in the alternative dismissing the action. A judicial determination of paternity had already been made prior to the instant action.

The first assignment of error is overruled.

## II

The trial court did not err in not dismissing the action at the conclusion of appellee's case since appellant had already been judicially determined to be the parent of Michael Paul Davis by his own R.C. 2105.18 admission.

The second assignment of error is overruled.

## III

The trial court did not err by ordering child support, custody, etc. Appellant had already been judicially determined to be the father of Michael Paul Davis.

The third assignment of error is overruled.

## IV

R.C. Chapter 3111 paternity proceedings or adoption are not the exclusive methods by which paternity may be determined.

The fourth assignment of error is overruled.

## V

Acknowledgement of paternity pursuant to R.C. 2105.18 is an establishment of paternity upon which

an order of custody and support may be based.

The fifth assignment of error is overruled.

### VI

The trial court did not err in not specifically finding that appellant was the natural father of Michael Paul Davis since that determination had already been made by the probate court in prior R.C. 2105.18 proceedings.

The sixth assignment of error is overruled.

### VII

The trial court did not err by issuing its order denying the motions to quash or dismiss and granting appellant leave to file an R.C. Chapter 3111 action within thirty days. We fail to see how appellant was prejudiced by such an order, since it was issued for his benefit in order to attack the prior determination of paternity.

The seventh assignment of error is overruled.

### VIII

The trial court's orders and procedure did not violate appellant's constitutional rights under the Due Process Clauses of the Ohio and United States Constitutions. Appellant's R.C. 2105.18 acknowledgement of paternity constituted an admission of paternity. Appellant has available legal remedies to attack his admission and the validity of the R.C. 2105.18 proceeding; however, he may not attack the validity of such proceeding in defending an action for custody and support.

The eighth assignment of error is overruled.

### IX

The trial court did not violate appellant's constitutional rights under the Equal Protection Clauses of the Ohio and United States Constitutions.

As noted above, appellant may not attack the validity of the R.C. 2105.18 acknowledgement of paternity in defending an action for custody and support.

The ninth assignment of error is overruled.

### X

The trial court did not violate appellant's constitutional rights or its own statutory duty by not making the other reputed father, Carl J. Hoopingarner, a party to the instant action. Appellant's argument is that the trial court has such a duty under R.C. 3111.02. R.C. Chapter 3111, however, did not govern either the R.C. 2105.18 action or the instant action for support or custody.

The tenth assignment of error is overruled.

The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.

*Judgment affirmed.*

PUTNAM, P.J., concurs.

WISE, J., concurs separately.

WISE, J., concurring. I join the majority in affirming the judgment of the trial court in the case at bar, but I write separately because I believe this case should be affirmed on its individual facts alone. The crucial fact in this case is that the trial court offered the appellant an opportunity to file a paternity action under R.C. Chapter 3111.

It is unnecessary for the decision of this case to go as far as the majority does in its conclusion that "an R.C. 2105.18 acknowledgement of paternity, establishes a full parent-child relationship *for all legal purposes.*" (Emphasis added.)

In the case at bar, appellant signed

the R.C. 2105.18 acknowledgement of paternity; and the trial court extended to him an opportunity to file a paternity action under R.C. Chapter 3111. Appellant declined to take advantage of such opportunity. Therefore, I would hold that appellant is estopped to deny his prior acknowledgement of paternity, and I would affirm the trial court's judgment on that basis.

To say that an R.C. 2105.18 acknowledgement of paternity establishes a full parent-child relationship, for all legal purposes, flies in the face of the reported cases. *In re Smith* (1984), 16 Ohio App. 3d 75, 16 OBR 79, 474 N.E. 2d 632, discusses the case of *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186, 20 O.O. 3d 196, 421 N.E. 2d 124, a case arising from this court (Muskingum County Court of Appeals). The *Smith* court says at 77, 16 OBR at 81-82, 474 N.E. 2d at 635: "[I]mplicit in the *Johnson* v. *Norman* decision is that responsibility for support not be made *without resolution of the paternity question.*" (Emphasis added.)

In *In re Mancini* (1981), 2 Ohio App. 3d 124, 2 OBR 138, 440 N.E. 2d 1232, the Lorain County Court of Appeals, in discussing R.C. 2105.18, states: "We find, however, that this section was not intended to provide an individual the means to resolve the issue of paternity." *Id.* at 126, 2 OBR at 141, 440 N.E. 2d at 1235.

In *Chatman* v. *Chatman* (1978), 54 Ohio App. 2d 6, 8 O.O. 3d 24, 374 N.E. 2d 433, the Franklin County Court of Appeals, where a declaration of paternity was signed, the court held that such signing did not entitle the signator to any rights of custody or visitation with the child.

In *State* v. *Stevens* (1970), 22 Ohio St. 2d 4, 51 O.O. 2d 2, 257 N.E. 2d 396, the Supreme Court reversed the court of appeals in a child neglect case, stating that first, " 'it is relevant * * * to determine paternity' " and re-

manded the case to the lower court for a determination of paternity based on blood grouping tests, etc. *Id.* at 4, 51 O.O. 2d at 2, 257 N.E. 2d at 397.

While not being called upon to decide, in this case, whether or not R.C. Chapter 3111 is an "exclusive procedure for determining paternity of a child born out of wedlock," I simply point out that the relevant case law emphasizes the necessity of certain safeguards, now contained in R.C. Chapter 3111, which should be followed in the determination of paternity. Thus, in my opinion, it is necessary to at least afford the reputed father the opportunity to disprove paternity prior to the issuance of an order for custody and support.