MARTIN, APPELLEE, *v.* DAVIDSON, EXRX., APPELLANT.

[Cite as Martin *v.* Davidson (1990), 53 Ohio St. 3d 240.]

(No. 89-1076—Submitted May 30, 1990—Decided September 5, 1990.)

*Thomas A. Cox,* for appellee.
*Jerry Montgomery,* for appellant.

This cause came before the court upon the certification of the court of appeals that its judgment conflicted with the judgment of the Court of Appeals for Knox County in *Beck* v. *Jolliff* (1984), 22 Ohio App. 3d 84, 22 OBR 237, 489 N.E. 2d 825, upon the following question:

"* * * [W]hether an action to determine a father-child relationship may be commenced against the estate of the alleged father after his death but within the time otherwise provided by law."

However, because we find that the court of common pleas, probate division, had no subject matter jurisdiction in this matter, we vacate the judgments of both the court of common pleas and the court of appeals and dismiss the certification.

MOYER, C.J., SWEENEY, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, H. BROWN and RESNICK, JJ., dissent.

HOLMES, J., dissenting. I dissent from this court's determination that a probate judge, properly sitting in probate jurisdiction, may not determine paternity as an ancillary claim to heirship brought pursuant to R.C. Chapter 2123.

The original (but not exclusive) jurisdiction to hear paternity actions lies explicitly in both the domestic relations and juvenile courts pursuant to R.C. 3111.06, which provides, in pertinent part:

"(A) The *juvenile court has original jurisdiction* of any action authorized under sections 3111.01 to 3111.19 of the Revised Code. An action may be brought under those sections in

the juvenile court of the county in which the child, the child's mother, or the alleged father resides or is found or, if the alleged father is deceased, of the county in which proceedings for the probate of his estate have been or can be commenced, or of the county in which the child is being provided support by the department of human services of that county. *If an action for divorce, dissolution, or alimony has been filed in a court of common pleas, that court of common pleas has original jurisdiction to determine if the parent and child relationship exists between one or both of the parties and any child alleged or presumed to be the child of one or both of the parties.*" (Emphasis added.)

If it were the intention of the General Assembly in drafting the above language to expressly preclude jurisdiction to the probate court to hear ancillary paternity claims in probate court, R.C. 3111.06 would have stated that the juvenile court has "exclusive jurisdiction" rather than "original jurisdiction."

There have been several occasions where the various courts in this state have decided paternity actions. In *In re Custody of Davis* (1987), 41 Ohio App. 3d 81, 84, 534 N.E. 2d 945, 948, the Court of Appeals for Guernsey County noted with respect to the proper forum for parentage actions that, "we reject appellant's argument that R.C. Chapter 3111 is the exclusive procedure for determining parentage or paternity. R.C. 3111.02 itself provides that paternity *may* be established under R.C. Chapter 3111. In addition, paternity may be proved in a criminal non-support action under R.C. 2919.21. See *State* v. *Stevens* [(1970), 22 Ohio St. 2d 4, 51 O.O. 2d 2, 257 N.E. 2d 396], *supra* (any evidence which would tend to establish or disprove paternity is relevant to inquiry of child neglect)." Also, in *Standifer* v. *Arwood*

(1984), 17 Ohio App. 3d 241, 17 OBR 508, 479 N.E. 2d 304, the Court of Appeals for Warren County held that common pleas courts of general jurisdiction have authority to hear and determine paternity actions pursuant to R.C. 3111.06. Specifically, the court stated:

"The issue presented for review by appellant's second assignment of error is whether R.C. 3111.06, which confers original jurisdiction on the juvenile court, renders the trial court without power to hear this case due to lack of subject matter jurisdiction.

"Appellant asserts that R.C. 3111.06 clearly takes original jurisdiction in a paternity action away from the trial court. Appellant cites no authority other than the language of the statute itself to support this proposition.

"In pertinent part, R.C. 3111.06 provides:

" '(A) The juvenile court has original jurisdiction of any action authorized under this chapter. * * *'

"We begin our analysis of the issue by noting, as did the Franklin County Court of Appeals in *State, ex rel. Mastracci,* v. *Rose* (1947), 79 Ohio App. 556, 558 [35 O.O. 388], that: 'The Common Pleas Court being a court of general jurisdiction of all actions * * *, it has jurisdiction of all actions unless its jurisdiction is taken away by statute.'

"Thus, it may fairly be said that unless a statute grants exclusive jurisdiction or exclusive original jurisdiction to another court, the court of common pleas may properly assert jurisdiction over a matter.

"R.C. 3111.06 indicates that the juvenile court has original jurisdiction over actions authorized in the chapter, which includes actions to determine a child's parentage.

"R.C. 2151.23 sets forth several specifically enumerated actions where

juvenile court has *exclusive original jurisdiction.* In subsection (B), the statute sets forth several more specific actions in which the juvenile court has merely original jurisdiction, including paternity actions. R.C. 2151.23(B)(2).

"Generally, as appellee aptly points out, parentage actions are classified as civil actions. R.C. 3111.08(A). In our view a court of common pleas may properly assume jurisdiction of a parentage or paternity action, as such jurisdiction has not been taken away by the granting of exclusive original jurisdiction to another court." (Emphasis *sic.*) *Id.* at 244, 17 OBR at 511, 479 N.E. 2d at 308.

Under the case law cited above, the juvenile court would not have "exclusive jurisdiction" over all paternity actions brought pursuant to R.C. Chapter 3111. Accordingly, if the juvenile court does not have "exclusive jurisdiction" in these matters, it must be determined whether the probate court can exercise jurisdiction in paternity proceedings under R.C. Chapter 3111. Initially, I acknowledge that, "[p]roceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction. * * *" *Corron* v. *Corron* (1988), 40 Ohio St. 3d 75, 531 N.E. 2d 708, paragraph one of the syllabus.

The jurisdiction of the probate court is set forth in R.C. 2101.24, which provides, in pertinent part, that:

"(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:

"(a) If jurisdiction relative to a particular subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent, any action that involves that subject matter * * *."

Probate courts in this state have previously considered parentage proceedings ancillary to the determination of heirship as well as other probate matters. See *Garrison* v. *Smith* (1988), 55 Ohio App. 3d 14, ___ N.E. 2d ___ (probate court could properly determine the statute of limitations found in R.C. Chapter 3111 to preclude an appellant's application for determination of heirship, the appellate court stating, at 3-4: "[A]ppellant is, in essence, asking the probate court to determine the parentage of Sandra Garrison. In so finding, we conclude that the trial court properly applied R.C. 3111.05 to bar any claim made by appellant under the statute of descent and distribution."); *Alexander* v. *Alexander* (P.C. 1988), 42 Ohio Misc. 2d 30, 537 N.E. 2d 1310, syllabus (where Judge Metcalf held that "[a] child born out of wedlock who seeks to inherit from his father's estate may prove his paternity by genetic testing, and the probate court may permit disinterment to effect such a test.") For related case, see *Alexander* v. *Alexander* (1989), 54 Ohio App. 3d 77, ___ N.E. 2d ___.

Thus, I conclude that the probate court may properly exercise jurisdiction in paternity proceedings pursuant to R.C. Chapter 3111, so long as such proceedings are ancillary to another matter before the probate court and parties not subject to the action are not barred by *res judicata.* Since I am in the minority on this conclusion, it rests with the General Assembly to decide whether to amend the law to give this jurisdiction to probate courts.

Therefore, for the foregoing reasons, I dissent.

H. BROWN and RESNICK, JJ., concur in the foregoing dissenting opinion.