OPINION
{¶ 1} Defendant-Appellants, Thomas Dircksen, Mary Lou Nederman, Dorothy Moeller, Betty Marchal, Jerome Dircksen and John Dircksen (hereinafter referred to jointly as "Appellants"), appeal the judgment of the Shelby County Probate Court, granting summary judgment in favor of Plaintiff-Appellee, Ann C. Dircksen ("Ann"), and Defendant-Appellee, Dustin Dircksen ("Dustin"). On appeal, Appellants assert that the probate court erred in finding that they lacked standing to determine if the minor defendant, Dustin, was a pretermitted child, that the probate court erred in its application of summary judgment procedures, that the probate court erred in its interpretation of R.C. 2107.34, that the probate court erred in precluding Appellants from obtaining evidence of Dustin's paternity by conducting DNA testing on him and that R.C. 2107.34 is unconstitutional. Finding that Appellants lacked standing to challenge the paternity of Dustin and that the probate court properly granted summary judgment, we affirm the judgment of the probate court.
 {¶ 2} In 1995 Gerard H. Dircksen ("Gerard") and Ann were married. In 1997, Gerard executed his last will and testament, leaving his farm to his wife, Ann, for life or until her remarriage and the remainder to Appellants, which were Gerard's brothers and sisters. In May of 2003, Dustin was born to Gerard and Ann. In July of 2003, Gerard died in a farming accident.
 {¶ 3} Following Gerard's death, his will was admitted to probate. In August of 2003, Ann was appointed the executrix of the estate by the Shelby County Probate Court. In November of 2003, Ann filed a complaint for declaratory relief, requesting that Dustin be determined to be a pretermitted heir of Gerard's estate pursuant to R.C. 2107.34. Subsequently, the probate court appointed a guardian ad litem ("GAL") to represent Dustin's interests. On behalf of Dustin, the GAL filed an answer to Ann's complaint, admitting to everything alleged in that complaint. Appellants also filed an answer to Ann's complaint. In their answer, Appellants admitted to the facts that Dustin was born within the marriage of Gerard and Ann and that Gerard was the named father on Dustin's birth certificate; however, Appellants denied that Dustin was the biological child of Gerard.
 {¶ 4} Subsequently, during discovery, Appellants filed a motion, requesting that Dustin be made to provide saliva for DNA testing to determine whether Dustin was in fact the minor child of Gerard. A hearing was held on Appellant's motion. At that hearing, Dustin's GAL offered into evidence Appellants' admissions that Dustin had been born during the marriage of Ann and Gerard and that Dustin's birth certificate bore the name of Gerard as the father. Appellants offered no evidence at the hearing. At that hearing, the probate court denied Appellants' request for DNA testing, finding that Appellants lacked standing to challenge Dustin's paternity under R.C. 3111.04.
 {¶ 5} Thereafter, Dustin's GAL moved for summary judgment on the issue of whether he was a pretermitted child pursuant to R.C.2107.34. In response to Dustin's motion, Appellant's filed a motion in opposition, arguing that there was a genuine issue of fact as to whether Dustin was Gerard's child. To support their argument, Appellants included the affidavits of Dorothy Moeller, Thomas Dircksen and Betty Marchal. According to Appellants' affidavits, Dustin did not look like anyone else in the family, an unknown truck had been parked outside Ann and Gerard's home while Gerard was out of town approximately nine months before Dustin was born, Gerard had told Thomas that he was unable to have children and Thomas had heard that Ann had had an "explicit night life" since Gerard's death.
 {¶ 6} Upon review of filed motions and the submitted evidence, the probate court found that Gerard had executed a will prior to Dustin's birth, that the will made no provisions for Dustin and, finally, that the will did not indicate any intention by Gerard to disinherit any after-born children. Accordingly, pursuant to R.C. 2107.34, the probate court granted summary judgment, finding Dustin to be a pretermitted child. Finally, the probate court again reiterated that Appellants lacked standing to challenge the parentage of Dustin and that their affidavits were speculative at best, because they were based on hearsay and not personal knowledge. It is from this judgment Appellants appeal, presenting the following assignments of error for our review.
 Assignment of Error No. I The court erred in determining that appellants lacked standingto determine if the minor defendant were a pretermitted heir.
 Assignment of Error No. II The court erred in its application of summary judgmentprocedures
 Assignment of Error No. III The court erred in its interpertation of the provisions ofRevised Code Section 2107.34.
 Assignment of Error No. IV The court erred in precluding appellants from obtainingevidence by conducting DNA tests.
 Assignment of Error No. V Revised Code 2107.34 is unconstitutional.
 {¶ 7} Due to the nature of Appellants' claims, we will be addressing the assignments of error out of order.
 Assignments of Error Nos. I IV {¶ 8} In the first assignment of error, Appellants contend that the probate court erred in finding that Appellants lacked standing to determine whether Dustin was a pretermitted heir. In the fourth assignment of error, Appellants contend that the court erred in precluding them from obtaining DNA evidence from Dustin. Because these assignments of error are interrelated, we will address them together.
 {¶ 9} While Appellants argue that the probate court's rulings denied them their right to challenge Dustin's status as a pretermitted heir, their response to Dustin's motion for summary judgment, as well as their motion to compel DNA testing essentially challenged Dustin's paternity. Paternity actions must be brought under R.C. 3111.04. Byrd v. Trennor,157 Ohio App.3d 358, 2004-Ohio-2736, ¶ 30; see, also, In re Estate of Hicks
(1993), 90 Ohio App.3d 483, 488. A probate court does not have subject matter jurisdiction to hear a parentage action under R.C. Chapter 3111. Martin v. Davidson (1990), 53 Ohio St.3d 240; see, also, Byrd, 157 Ohio App.3d at ¶ 30, Hicks,90 Ohio App.3d at 488. Thus, the probate court lacked jurisdiction to hear Appellants' challenges to Dustin's parentage.
 {¶ 10} Because the probate court lacked jurisdiction to determine any issues regarding Dustin's parentage, the first and fourth assignments of error are without merit.
 Assignments of Error Nos. II III {¶ 11} In the second assignment of error, Appellants challenge the probate court's application of summary judgment proceedings. Specifically, Appellants argue that the probate court failed to consider valid evidence, which they provided in their response to Dustin's motion for summary judgment. Additionally, Appellants argue that the probate court kept them from providing additional evidence needed for a final ruling. In the third assignment of error, Appellants assert that the probate court erred in its interpretation of R.C. 2107.34. Because these issues are interrelated, we will address them together.
 {¶ 12} It is well-established under Ohio law that a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687. In ruling on a summary judgment motion, the trial court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant. Jacobs v. Racevskis
(1995), 105 Ohio App.3d 1, 7. Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the adverse party. Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485.
 {¶ 13} Appellate review of summary judgment determinations is conducted on a de novo basis. Griner v. Minster Bd. ofEducation (1998), 128 Ohio App.3d 425, 430. Therefore, this Court considers the motion independently and without deference to the trial court's findings. J.A. Industries, Inc. v. AllAmerican Plastics, Inc. (1999), 133 Ohio App.3d 76, 82. Further, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co.,148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25, citing State ex rel. Cassels v.Dayton City School Dist. Bd. of Ed. (1994), 69 Ohio St.3d 217,222.
 {¶ 14} In Dustin's motion for summary judgment, the probate court was asked to determine whether Dustin was a pretermitted heir pursuant to R.C. 2107.34. R.C. 2107.34 provides, in pertinent part:
If, after making a last will and testament, a testator has achild born alive * * * and no provision has been made in suchwill or by settlement for such pretermitted child or heir, or forthe issue thereof, the will shall not be revoked; but unless itappears by such will that it was the intention of the testator todisinherit such pretermitted child or heir, the devises andlegacies granted by such will, except those to a survivingspouse, shall be abated proportionately, or in such other manneras is necessary to give effect to the intention of the testatoras shown by the will, so that such pretermitted child or heirwill receive a share equal to that which such person would havebeen entitled to receive out of the estate if such testator haddied intestate with no surviving spouse, owning only that portionof the testator's estate not devised or bequeathed to or for theuse and benefit of a surviving spouse. * * *.
 {¶ 15} As noted above, the probate court found that Gerard had executed a will prior to Dustin's birth, that the will made no provisions for Dustin and, finally, that the will did not indicate any intention by Gerard to disinherit any after-born children. Accordingly, pursuant to R.C. 2107.34, the probate court granted summary judgment, finding Dustin to be a pretermitted child.
 {¶ 16} Upon our independent review of the record, we find that the probate court properly determined Dustin to be a pretermitted heir under the statute. As Gerard's child, which, based on the foregoing, Appellants are not able to challenge in the probate court, he is entitled to take under R.C. 2107.34. The facts of this case sit squarely within the statutory language of R.C. 2107.34. Additionally, we find that there is no evidence that Gerard intended to disinherit any after-born children from his will. As such, the probate court did not err in either its interpretation of R.C. 2107.34 or in its summary judgment proceedings.
 {¶ 17} Having found that there is no genuine issue of material fact as to whether Dustin is a pretermitted heir, we find that the probate court properly granted Dustin's motion for summary judgment. Accordingly, the second and third assignments of error are overruled.
 Assignment of Error No. V {¶ 18} In the fifth assignment of error, Appellants contend that the R.C. 2107.34 is unconstitutional. Appellants raise this issue for the first time on appeal. "Generally, an appellate court will not consider errors that the complaining party could have, but did not call to the trial court's attention at a time when the trial court could have avoided or corrected the claimed error." State v. Wright (1998), 126 Ohio App.3d 628, 633, citing State v. Childs (1968), 14 Ohio St.2d 56, para. three of the syllabus; See, also, State v. Glaros (1960),170 Ohio St. 471, para. one of the syllabus. Additionally, the "[f]ailure to raise at the trial court level the issue of theconstitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."Wright, 126 Ohio App.3d at 633, citing State v. Awan (1986),22 Ohio St.3d 120, syllabus.
 {¶ 19} Thus, we find that Appellants' failure to raise any constitutional error or objection at the trial level regarding the application of R.C. 2107.34 to their case constitutes a waiver of the issue on appeal. Accordingly, the fifth assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Bryant, J., concur.