**STATE, EX REL MASTRACCI, Plaintiff, v ROSE, ET, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 3994. Decided March 4th, 1947.

Joseph M. Harter, Columbus, for Plaintiff.
Horace S. Kerr, Columbus, for Respondents.

## OPINION

By MILLER, J.:

This is an action for a writ of prohibition seeking to enjoin two of the Judges of the Court of Common Pleas of Franklin County, Ohio, from hearing a proceeding in contempt against the relator for the failure to pay temporary alimony in compliance with a previous court order. The application is based upon the contention that the pleadings show that the parties to the action for alimony were living and cohabiting together at the time of the granting of the award, and that under such circumstances §11994 GC does not authorize the granting of temporary alimony, and that the trial court exceeded its jurisdiction.

It is further contended that the relator has no adequate remedy at law as the award was not a final order from which

an appeal could be prosecuted and that if the award was complied with and payments made, recovery could not be had after the prosecution of error from the final order and a reversal, as the beneficiary would have spent the money. The respondents have filed a demurrer to the petition.

It is well settled that a writ of prohibition lies only when the inferior court proposes to exceed its lawful jurisdiction as to the person or the subject matter, or in the enforcement of its rulings in a manner or by a means not entrusted to its judgment or discretion, and the party seeking the writ is without other adequate remedy. It is not an appropriate remedy for the correction of errors and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate. The issuance of the writ would not be justified by an insufficiency of the statement of a cause of action or because of insufficient proof to sustain a cause of action. Questions of such nature do not go to the jurisdiction of the inferior court, but are rather questions of fact and law to be determined in the action there pending. On application for a writ of prohibition to stay an action of an inferior court the sole question to be determined is the jurisdiction of that court, and the court in which the relief is sought will not consider any mere error or irregularity occurring in the progress of the case in the inferior court. 2 Spelling on Injunctions and Extraordinary Remedies (2 ed.), Section 1716; High on Extraordinary Legal Remedies (3 ed.), Section 767b; **State, ex rel. Nolan v Clen Dening, 93 Oh St 264; State, ex rel. Garrison v Brough, et al., 94 Oh St 115; Kelley v State, ex rel., 94 Oh St 331.**

Now, did the Court have jurisdiction to make an award of temporary alimony under the state of facts? The respondents are two Judges of the Court of Common Pleas, one of whom is assigned to the Division of Domestic Relations under §1532 GC. The Common Pleas Court is the court of general jurisdiction in Ohio. The Constitution itselfs confers no jurisdiction whatever upon the Common Pleas Court either in civil or criminal cases. It merely gives that court capacity to receive jurisdiction which shall be fixed by law. **Ohio Constitution, Article IV, Section 4.** Its jurisdiction is therefore statutory. In accordance with this constitutional authority the Legislature has conferred upon the Court of Common Pleas original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive jurisdiction of the justice of the peace. **Sec. 11215 GC.** It being a court of general jurisdiction of all actions, legal and equitable, it has jurisdiction of all actions unless its jurisdiction is taken away by statute. A writ will not be issued prohibiting the Court of

Common Pleas from determining its own jurisdiction where jurisdiction of the subject matter of the action has been conferred upon that court by the laws of the state. **11 O. Jur. 832**, and cases cited thereunder.

In addition to the general powers granted to the Court of Common Pleas, §11994 GC further authorizes the award of temporary alimony by the court in the following words:

"* * * The court, or a judge thereof, in vacation, may grant alimony to either of the parties for his sustenance and expenses during the suit * * * ."

In the light of these provisions of the General Code of Ohio, we are of the opinion the respondents were duly authorized to make the temporary alimony award, the correctness of which can only be determined by a reviewing court after the case is finally adjudicated.

The relator calls our attention to **State, ex rel. v Clen Dening, 93 Oh St 264,** and relies upon it as authority for the granting of the writ. This case differs from the one at bar in that the writ was directed against the Liquor Licensing Board of Ohio which had been granted the quasi-judicial power of trying members of the County Liquor Board for the violation of certain regulations. Its jurisdiction was limited while in the case at bar the jurisdiction of respondents is general. The writ was granted for the reason that the defendant board was without jurisdiction to hear the case.

This Court is of the opinion that the respondents were acting within their own jurisdiction in granting the temporary alimony, and that the demurrer should be sustained.

WISEMAN, PJ, and HORNBECK, J, concur.

## APPLICATION FOR REHEARING

Decided March 31st, 1947.

## OPINION

By THE COURT:

Submitted on application for a rehearing for the reason that the Court's attention had not been called to a recent decision by the Supreme Court of Ohio.

We have read the case referred to, which is **Ex Parte Cattell, 146 Oh St 112,** and we still adhere to our former ruling. This was an action for divorce in which a restraining order

was granted whereby the husband was enjoined from interfering with the wife's exclusive use and occupancy of the home. The bond was fixed at $25.00 and it was allowed to be given by cash deposit with the Clerk of Courts. A violation of the restraining order was charged; the husband was found guilty of contempt of court and sentenced to five days in prison. A petition for a writ of Habeas Corpus was filed and the Court held that the trial court had no authority to prescribe or accept a deposit of money in lieu of the bond required by §11882 GC, that no proper bond having been given the injunction never became operative and the Common Pleas Court acquired no jurisdiction to punish, for there could be no violation if the required bond was not given.

Now, in the instant case, under the same process of reasoning, if the temporary alimony award was a void order the writ should be allowed, but we do not find such to be the fact. Sec. 11994 authorizes the allowance of "alimony to either of the parties for his or her sustenance and expenses during the suit." This provision of the Code vests in the Court a discretion to allow temporary alimony and legal expenses to either party, even though the parties are living together in the same house, as alleged in the petition. There may be still a need on the part of the wife for sustenance money, such as food, clothing, medicine, etc. Shelter does not mean sustenance, but it is included in the term. We are of the opinion the trial court had jurisdiction to make the award.

The application for a rehearing is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.