OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

In re Seltzer.
[Cite as In re Seltzer (1993),     Ohio St.3d    .]
Administrative procedure -- Workers' compensation -- Suspension issued pursuant to R.C. 4121.44(R) not subject to judicial review under R.C. Chapter 119.

Orders of the Administrator of the Bureau of Workers' Compensation, issued pursuant to R.C. 4121.44(R), are not subject to judicial review under the Administrative Procedure Act, R.C. Chapter 119.

(No. 92-1400 -- Submitted June 1, 1993 -- Decided September 1, 1993.)

Appeal from the Court of Appeals for Franklin County, No. 91AP-677.

On February 1, 1991, appellant, the Administrator of the Bureau of Workers' Compensation ("bureau"), issued an order, titled "adjudication order," to appellee, Dr. Gerard Seltzer. The order notified Seltzer that as of March 8, 1991, the bureau and self-insuring employers would no longer pay Seltzer for services and supplies he provided to bureau claimants. The order stated that the bureau had been informed by the Ohio Department of Human Services ("ODHS") that Seltzer's provider agreement with ODHS had been terminated effective October 27, 1983. The order also stated that Seltzer had previously been given an opportunity to appeal the termination to ODHS. Seltzer filed a notice of appeal from the bureau's order, pursuant to R.C. 119.12, with the bureau and the Franklin County Court of Common Pleas.

On March 5, 1991, the administrator sent two new letters to Seltzer. The first letter informed Seltzer that the February 1, 1991 order was rescinded and referred to an enclosed new letter suspending Seltzer effective April 9, 1991. The second letter notified Seltzer that the bureau had been informed that Seltzer had been excluded from participation as a provider under the federal Medicare and Medicaid programs "by reason of substandard practice." The suspension letter indicated that pursuant to R.C. 4121.44(R) and Ohio Adm. Code 4123-07-41, Seltzer was suspended from participation in the state workers' compensation system. The order also stated that the suspension became "effective without a hearing pursuant to R.C. 4121.44(R) and since you have been

afforded due process under the federal programs as set forth in the attached order of 10-27-83 from the U.S. Department of Health and Human Services."  The letter also informed Seltzer that the period of time for the bureau suspension coincided with the remaining period of the suspension by the federal government, until 1998, and that he could apply for reinstatement when eligible.

Attached to the March 5 order was a letter dated October 27, 1983, from the Office of the Inspector General of the United States Department of Health and Human Services.  The letter indicated that Seltzer had been notified of his proposed exclusion from participation in the Medicare program, that Seltzer had submitted evidence in opposition to the proposed exclusion, and that the agency still intended to exclude Seltzer from participating in the Medicare program.  Included in the notice was the finding that Seltzer "furnished items and services that are substantially in excess of the beneficiary's needs and/or a quality that does not meet professionally recognized standards of care."  Attached to the notice of exclusion letter, and incorporated by reference, was a nine-page document titled "Final Decision -- Exclusion of Gerard Seltzer, M.D. ***"  In addition to discussing a number of billing violations, the decision concluded that "[t]he records contained in Dr. Seltzer's file from 1978 forward are sufficient to establish that he has furnished services that were unnecessary, potentially harmful, and of a quality that does not meet professionally recognized standards of health care."

Seltzer amended his notice of appeal to include the new suspension order.  The trial court stayed execution of the suspension pending final disposition of the case.

The bureau filed a motion to dismiss, claiming the trial court lacked jurisdiction over the appeal.  The trial court found that the administrator's act did not constitute an adjudication. Instead, the court found the administrator's act to be merely a ministerial act for which Seltzer had no right to appeal under R.C. Chapter 119.

The court of appeals reversed the trial court.  The court found that the administrator's order was an "adjudication" within the meaning of R.C. 119.01(D).  As a result, the court found that the common pleas court had jurisdiction to hear Seltzer's appeal. The court also found that a proceeding which meets the definition of "adjudication" under R.C. Chapter 119.12 also meets the definition of a quasi-judicial proceeding over which the common pleas courts have revisory jurisdiction as contemplated under Section 4(B), Article IV of the Ohio Constitution.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Walter, Haverfield, Buescher & Chockley, John H. Gibbon, Kenneth A. Zirm and C. David Paragas, for appellee.
Lee Fisher, Attorney General, Cordelia Glenn and William J. McDonald, Assistant Attorneys General, for appellant.

Wright, J.  This case presents the issue of whether orders issued by the Administrator of the Bureau of Workers' Compensation pursuant to R.C. 4121.44(R) are subject to review under the Administrative Procedure Act, R.C. Chapter 119.  For the reasons

stated below we find that such orders are not subject to appellate review pursuant to R.C. Chapter 119.

The Ohio Constitution provides for the creation of the courts of common pleas. The Constitution, however, does not confer jurisdiction on the courts. Rather, it provides that the grant of jurisdiction must be conferred on the courts by the legislature. Section 4(B), Article IV of the Constitution reads: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." (Emphasis added.)

The enactment of R.C. 119.12 conferred jurisdiction on the common pleas courts to review certain adjudicatory orders rendered by Ohio administrative agencies. R.C. 119.12 provides in part: "*** Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin County ***." Therefore, the key question presented by this appeal is whether a suspension issued by the bureau under R.C. 4121.44(R) is an "order of an agency issued pursuant to any other adjudication."

To answer this question it is helpful to consider the legislative amendment to R.C. 4121.44 which became effective November 3, 1989. (143 Ohio Laws, Part II, 3197, 3294-3297.) The amendment included the addition of R.C. 4121.44(Q) and (R). Both of these divisions relate to the suspension of health care providers from participation in the treatment of workers' compensation claimants. R.C. 4121.44(Q) requires the administrator to "provide standards and procedures for the determination of exclusion" (emphasis added), and "for the suspension from participation" of health care providers who engage in certain practices as part of the treatment of bureau claimants. R.C. 4121.44(Q) specifically provides that the rules "provide procedures for review and appeal, pursuant to Chapter 119. of the Revised Code." (Emphasis added.)

R.C. 4121.44(R) requires the administrator to "provide for the suspension from participation in the treatment of workers' compensation claimants any health care provider" (emphasis added) whose agreement with ODHS has been terminated "as a result of a determination, made pursuant to an adjudicatory hearing conducted in accordance with Chapter 119. of the Revised Code ***." It also requires that any health care provider who has been excluded from the Medicare or Medicaid programs "by reason of substandard practice, shall be suspended from participation in the treatment of workers' compensation claimants." (Emphasis added.)

The differences between divisions (Q) and (R) are apparent. Division (Q) requires the administrator to establish standards and procedures to terminate and suspend health care providers. Division (R) merely requires the administrator to provide for suspensions which are automatic under two circumstances: (1) the provider has been terminated by ODHS after an R.C. Chapter 119 proceeding, or (2) the provider has been terminated by the federal government under the Medicaid or Medicare programs for substandard care.

Under division (Q), the General Assembly specifically included a right to review and appeal in compliance with R.C. Chapter 119. The General Assembly did not include this appeal provision in division (R). Instead, it appears that the General

Assembly intended a termination under division (R) to be a simple, straightforward matter. The provider would have already had the opportunity to challenge the charges against him or her in either the R.C. Chapter 119 proceeding provided by ODHS or the hearing and appeal procedures provided by the Social Security Administration. This comparison of the language in divisions (Q) and (R) leads us to conclude that the General Assembly did not intend to allow orders issued under R.C. 4121.44(R) to be appealed under R.C. Chapter 119.

Whether or not the General Assembly intended the orders issued under division (R) to be appealable, Seltzer argues, and the court of appeals found, that such orders are, in fact, appealable because they are "adjudication" orders as defined in R.C. 119.01(D). R.C. 119.01(D) provides: "'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature." (Emphasis added.) We have defined a "ministerial act" as "'*** one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done.'" Trauger v. Nash (1902), 66 Ohio St. 612, 618, 64 N.E. 558, 559.

The court of appeals found that the administrator's decision to issue the order against Seltzer was not a ministerial act. The court reasoned that the administrator had to exercise discretion in determining whether Seltzer's termination under the Medicare program was "by reason of substandard practice" because that actual phrase does not appear in the federal termination notice and decision. In addition, Seltzer argues that two other factors also reflect the exercise of discretion by the administrator: (1) the decision to apply R.C. 4121.44(R) to Seltzer "retroactively," and (2) the determination that the procedures used by the federal government in 1983 accorded Seltzer due process.

Seltzer argues that the administrator exercised discretion in deciding to apply R.C. 4121.44(R) "retroactively" to providers such as him, who were already suspended by the federal government at the time division (R) was enacted. For support, he refers to R.C. 1.48, which states: "A statute is presumed to be prospective in its operation unless expressly made retrospective." He also refers to the fact that "'[i]t is a well settled rule of law that statutes should not receive a retroactive construction, unless the intention of the legislature is so clear and positive as by no possibility to admit of any other construction.'" Cincinnati v. Seasongood (1889), 46 Ohio St. 296, 304, 21 N.E. 630, 633. We are not persuaded by Seltzer's argument for two reasons: (1) the clear language of the statute mandates its application to Seltzer, and (2) the statute is being applied to Seltzer prospectively, not retrospectively. R.C. 4121.44(R) states unequivocally: "*** any health care provider who has been excluded" from the federal programs "shall be suspended ***." (Emphasis added.) Seltzer was a health care provider who had been excluded from the Medicare program. Thus, the administrator did not exercise discretion in deciding to suspend Seltzer -- the clear language of the statute required it. Moreover, the statute is not being applied

retroactively. Seltzer is being suspended by the bureau only prospectively for the balance of the term of the federal suspension.

Likewise, we are not persuaded by Seltzer's argument that the administrator exercised discretion in determining that the federal review and appeal procedures afforded Seltzer due process. R.C. 4121.44(R) requires only that the administrator determine that a health care provider has been excluded under either the Medicare or Medicaid programs. The statute does not require that the administrator review those proceedings to determine whether due process was afforded. It was the General Assembly, not the administrator, which decided that no Ohio review of the federal proceedings was necessary because federal law provides notice, hearings, and review prior to termination.1 Indeed, Seltzer does not ever suggest that he was denied due process in the federal proceedings.

With regard to Seltzer's and the court of appeals' conclusion that the administrator exercised discretion in determining that Seltzer was suspended from the federal program "by reason of substandard practice," we must again disagree. The federal termination decision contained the following language: "The records *** are sufficient to establish that [Seltzer] has furnished services that were unnecessary, potentially harmful, and of a quality that does not meet professionally recognized standards of health care." (Emphasis added.)

We find that the language contained in the federal decision is sufficiently similar to the phrase "substandard practice" so as not to require any discretion on the part of the administrator. It is not realistic to expect that the language in the Ohio statute will match exactly the language used in every instance by the federal government. Here, the phrase used in the federal decision, "does not meet professionally recognized standards of health care," is so obviously equivalent to the phrase contained in R.C. 4121.44(R), "substandard practice," that it did not require discretion on the part of the administrator to determine that Seltzer's suspension by the federal government necessitated his suspension from the state workers' compensation program.

Having found that the administrator's decision to suspend a provider under R.C. 4124.44(R) is a ministerial act, we conclude that such a decision is not an "adjudication" as defined in R.C. 119.01(D). Therefore we hold that orders of the Administrator of the Bureau of Workers' Compensation, issued pursuant to R.C. 4121.44(R), are not subject to judicial review under the Administrative Procedure Act, R.C. Chapter 119.

Accordingly, we reverse the judgment of the court of appeals and reinstate the decision of the trial court.

                           Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick and Pfeifer, JJ., concur.

F.E. Sweeney, J., dissents and would affirm.

FOOTNOTE:

1 As previously noted, a provider suspended by the administrator because of an ODHS suspension must have been afforded R.C. Chapter 119 review and appeal procedures as part of the ODHS suspension. Thus, any provider suspended by the administrator under R.C. 4121.44(R) will have already received due process in the underlying suspension proceedings, either as part

of an R.C. Chapter 119 appeal from the ODHS suspension or under the procedures contained in the Medicare or Medicaid program.