NIELSEN et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee.

[Cite as *Nielsen v. Ford Motor Co.* (1996), 113 Ohio App.3d 495.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006256.

Decided Aug. 14, 1996.

*Richard B. Hauser,* for appellants.

*A. Charles Tell,* for appellee.

_____

SLABY, Judge.

Plaintiffs-appellants are a group of licensed stationary engineers ("appellants") who are employed by defendant-appellee, Ford Motor Company ("Ford"). They appeal the decision of the Lorain County Court of Common Pleas dismissing their case for lack of subject matter jurisdiction and lack of standing. We affirm.

Prior to 1993, Ford operated three coal-fired steam boilers which, under applicable provisions of R.C. Chapter 4739, required continuous monitoring by properly licensed stationary steam engineers. Appellants were assigned to monitor these boilers on a full-time basis. In 1993, Ford replaced the coal-fired steam boilers with Model E–604 Clayton gas-fired fluid heaters. Ford was informed by the Department of Industrial Relations that the new fluid heaters were not considered "steam boilers." Ford then reassigned appellants to additional duties, as the new boilers required only intermittent monitoring.

Appellants filed suit in the common pleas court to obtain (1) a determination that new Clayton fluid heaters should be classified as "steam boilers" subject to the provisions of R.C. Chapter 4739,[1] and (2) an injunction requiring Ford to employ licensed stationary steam engineers to operate and monitor the Clayton fluid heaters on a full-time basis. Ford filed for removal to the United States District Court. However, the federal judge determined that the cause of action did not involve the collective bargaining agreement or any federal labor laws, and remanded it for a determination of the state issues.

The Lorain County Court of Common Pleas dismissed the case without ruling on the substantive issues. The court held that (1) it did not have subject matter jurisdiction to review the findings of the administrative agency, and (2) appellants did not have standing to bring a private cause of action under the applicable statutes.[2]

On appeal to this court, appellants raise two assignments of error:

### Assignment of Error I

"The trial court erred when it ruled that it had no subject matter jurisdiction over the issues in this case."

Appellants assert that the common pleas courts, as courts of general jurisdiction, have authority to hear all matters at law and equity that are not specifically denied, citing *Saxton v. Seiberling* (1891), 48 Ohio St. 554, 558–559, 29 N.E. 179, 180, and *State ex rel. v. Rose* (1947), 79 Ohio App. 556, 558, 35 O.O. 388, 389, 72 N.E.2d 582, 583. They claim, therefore, that the court has jurisdiction over the issues in this case because no statute specifically divests the court of authority

---

1. Specifically, appellants desire enforcement of R.C. 4739.04, which requires that "[n]o owner or user * * * of any * * * *steam boiler* or engine shall permit it to be operated unless it is *directly in the charge of a licensed engineer."* (Emphasis added.)

2. The applicable provisions of the Ohio Revised Code pertinent to this case are Chapters 4101 (sets forth the statutory scheme within the Department of Industrial Relations for the regulation, construction, installation, inspection, and operation of boilers); 4104 (provides regulations for *all* types of boilers); and 4739 (contains specific regulations for the operation of *steam* boilers and the licensing of steam engineers). Collectively, these sections vest the responsibility to make and enforce rules and regulations pertinent to steam boilers in the Department of Industrial Relations, with specific regulatory authority and duties assigned to the Department's Director, the Chief Boiler Inspector, and the Chief Examiner of Steam Engineers.

On October 29, 1995, Am.Sub.S.B. No. 162 reorganized several state agencies. Relevant to this appeal, the Department of Industrial Relations was abolished and its responsibilities relating to the regulation of boilers were transferred under R.C. Chapter 121 to the Department of Commerce and the Superintendent of the Division of Industrial Compliance within that department. The comprehensive administrative procedures for dealing with boiler regulations were retained, and the modifications do not affect the issues in the case *sub judice.*

under R.C. 4739.01 *et seq.* This is not an accurate representation of the source of a court's authority.

The subject matter jurisdiction of a court is that power, conferred upon it by law, by which it is authorized to hear, determine, and render a valid, enforceable final judgment in a particular action. See 20 American Jurisprudence 2d (1995), Courts, Section 70. In Ohio, judicial authority flows generally from Section 1, Article IV of the Ohio Constitution. The jurisdictional foundation for the courts of common pleas is specifically set forth in Section 4(B) of Article IV:

"The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters *and such powers of review of proceedings of administrative officers and agencies as may be provided by law.*" (Emphasis added.)

The Constitution itself does not confer jurisdiction upon the common pleas courts; they are only given the capacity to exercise whatever jurisdiction may be expressly granted to them by the legislature. *In re Seltzer* (1993), 67 Ohio St.3d 220, 222, 616 N.E.2d 1108, 1110–1111.

The state legislature has not provided for an inherent right to appeal to the courts from an administrative proceeding. *Dinner Bell Meats, Inc. v. Bd. of Revision* (1982), 70 Ohio St.2d 103, 104, 24 O.O.3d 185, 186, 435 N.E.2d 412, 413. Primarily, only actions of a quasijudicial nature are appealable to the common pleas court.[3] *State ex rel. Rieke v. Hausrod* (1979), 59 Ohio St.2d 48, 49, 13 O.O.3d 35, 36, 391 N.E.2d 736, 737; *Rouse v. Lorain Civ. Serv. Comm.* (July 10, 1996), Lorain App. No. 95CA006094, unreported, at 10, 1996 WL 411634. The common pleas courts are granted revisory jurisdiction over adjudicatory actions via the state's Administrative Procedure Act, which is codified in R.C. Chapter 119; they are not granted revisory jurisdiction over ministerial acts. *In re Seltzer, supra,* 67 Ohio St.3d at 221, 616 N.E.2d at 1110. The rule-making proceedings of an administrative body are not directly appealable to a common pleas court. See *Rankin–Thoman, Inc. v. Caldwell* (1975), 42 Ohio St.2d 436, 438–439, 71 O.O.2d 411, 412–413, 329 N.E.2d 686, 688–689.

Appellants are requesting the common pleas court to review the Chief Examiner of Steam Engineers' classification of the fluid heaters to determine whether they should be classified as "steam" boilers. This determination by the Chief Examiner is not the result of an adjudicatory or quasijudicial hearing, which would qualify for review under the Administrative Procedures Act. Nei-

---

3. A quasijudicial proceeding is one which requires notice, a hearing and the opportunity for introduction of evidence. *Prosen v. Dimora* (1992), 79 Ohio App.3d 120, 606 N.E.2d 1050.

ther has the legislature granted the courts revisory jurisdiction over administrative orders of the Department of Industrial Relations. See *Goodyear Synthetic Rubber Corp. v. Woldman* (1953), 159 Ohio St. 58, 50 O.O. 29, 110 N.E.2d 778. In fact, the Ohio legislature has expressly set forth in R.C. 4101.02 (now 121.083) and 4739.01 that the Department of Industrial Relations and its Chief Examiner of Steam Engineers have the authority to administer and enforce R.C. Chapter 4739. Where the legislature has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, that agency is vested with *exclusive jurisdiction. Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 153, 573 N.E.2d 655, 659–660, quoting *State ex rel. Geauga Cty. Budget Comm. v. Geauga Cty. Court of Appeals* (1982), 1 Ohio St.3d 110, 1 OBR 143, 438 N.E.2d 428.

Appellants' first assignment of error is overruled.

### Assignment of Error II

"The trial court erred when it ruled that [Appellants] have no standing to file an injunction requiring Ford Motor Company to comply with State of Ohio requirements relating to operation of steam boilers without the use of state licensed operators."

Even if the court had jurisdiction, appellants lack standing to bring the cause to trial. Appellants cite numerous cases in an attempt to establish their standing, but they do not correctly state the applicable standard to use when determining who may enforce legislatively established statutes and regulations.

The doctrine of standing requires a litigant to be in the proper position to assert a claim, and the party's inquiry must be within the zone of interest *intended* to be protected or regulated by the statute. *Taylor v. Academy Iron & Metal Co.* (1988), 36 Ohio St.3d 149, 152, 522 N.E.2d 464, 467–468. In establishing the state's entire administrative and regulatory scheme, the legislature expressly authorizes and designates the authority to enforce particular regulations and statutes to certain persons and agencies. *New Boston Coke Corp. v. Tyler* (1987), 32 Ohio St.3d 216, 218, 513 N.E.2d 302, 304–305. It is a basic doctrine of statutory construction that when the legislature has authorized an action to be instituted by a particular person or office, the suit may not be instituted by another. *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 521 N.E.2d 1099.

In determining whether statutes may create a private cause of action for enforcement, the Ohio Supreme Court has held that a "statutory policy" may not be implemented by the Ohio courts in a private civil action absent a clear implication that such a remedy was intended by the Ohio General Assembly.

*Fawcett v. G.C. Murphy & Co.* (1976), 46 Ohio St.2d 245, 249, 75 O.O.2d 291, 293–294, 348 N.E.2d 144, 147. Ohio courts apply a three-part test adopted from *Cort v. Ash* (1975), 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26, for determining when a private cause of action arises by implication under a particular statute. The three prongs of the test ask the following questions: (1) Are the plaintiffs in a class for whose special benefit the statute was enacted? (2) Is there any indication of legislative intent, explicit or implicit, either to create or deny a private cause of action? and (3) Is it consistent with the underlying purposes of the legislative scheme to infer such a remedy for the plaintiffs? *Strack v. Westfield Cos.* (1986), 33 Ohio App.3d 336, 337, 515 N.E.2d 1005, 1006–1007; *Elwert v. Pilot Life Ins. Co.* (1991), 77 Ohio App.3d 529, 542, 602 N.E.2d 1219, 1228. Appellants' case fails to qualify under any of the required criteria.

A private cause of action does not exist for every question or issue. Appellants' second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and DICKINSON, J., concur.