OPINION
This appeal arises from a denial of Appellant's Civ.R. 60(B) Motion for Relief from Judgment from a divorce decree. For the following reasons, we affirm the decision of the trial court.
On August 14, 1992 Appellee, Deborah Ann McCree, filed for divorce from Appellant, Joseph M. McCree, on the grounds of extreme cruelty and gross neglect of duty pursuant to R.C. §3105.01(D) and (F). Appellee filed an amended complaint on August 26, 1993, adding various individuals and business entities because it was alleged by Appellee that they were in possession of marital assets. Ten hearings were held related to the complaint between November 1, 1993 and May 4, 1995.
At a final magistrate's hearing prior to the original divorce decree, the magistrate granted Appellee's oral motion to amend her complaint to include as grounds for divorce that she and Appellant had lived separate and apart for more than one year pursuant to R.C. § 3105.01(J). On August 22, 1995, the magistrate filed her decision which found that Appellee did not establish extreme cruelty and gross neglect but that she should be granted a divorce on the grounds that she had lived separate and apart from Appellant. The decision included detailed recommendations concerning child and spousal support and property division.
On October 20, 1995 the trial court filed a judgment entry adopting the magistrate's decision of August 22, 1995 in full. Both parties timely appealed that order.
In McCree v. McCree (January 13, 1997), Mahoning App. No. 95 C.A. 231, unreported, we found that the trial court erred when it permitted Appellee to orally amend her complaint and by granting a divorce to Appellee based on the grounds in the amended complaint without giving Appellant proper notice and an opportunity to prepare a defense. We remanded the case to the trial court for further proceedings.
On January 29, 1997, upon remand to the trial court, Appellee filed a written motion for leave to amend the complaint to include as grounds for divorce that the parties had lived separate and apart for more than one year. On February 6, 1997, the trial court granted Appellee's motion and Appellee filed her amended complaint the same day.
Appellant answered the amended complaint on March 17, 1997. On June 2, 1997 a hearing was held on the issue of the grounds for divorce and on Appellee's objections to the decision of the magistrate. On July 31, 1997 the trial court filed an order containing findings of fact and conclusions of law. The trial court, having found that the parties had lived separate and apart without cohabitation for over one year, granted Appellee a divorce from Appellant pursuant to R.C. § 3105.01(J). The order also stated that the original divorce decree of October 20, 1995, was void in its entirety for lack of jurisdiction and that a new hearing was necessary to determine the division of property, spousal support and parenting issues.
On August 25, 1997, Appellee filed a Civ.R. 60(B) Motion to Vacate Judgment, arguing that the trial court should not have voided the entire judgment of October 20, 1995. Specifically, Appellee argued that with respect to the judgment of October 20, 1995, the trial court only lacked jurisdiction to grant a divorce pursuant to R.C. § 3105.01(J) and that it retained jurisdiction over other matters such as property division, allocation of support and parenting. Appellee concluded that the trial court should not have voided the October 20, 1995, judgment in its entirety, but that this voiding of the earlier judgment should have been limited solely to the grant of divorce based on improperly pleaded grounds.
By a judgment entry filed October 17, 1997, the trial court granted Appellee's Motion to Vacate Judgment. The court affirmed the grant of divorce and reinstated its October 1995 order with respect to property division, spousal support and parenting. In adopting the original determinations of these issues as set forth in its Judgment Entry of October 20, 1995, the court relied onBolinger v. Bolinger (1990), 49 Ohio St.3d 120, for the proposition that subject matter jurisdiction of a court to formulate a property division commences when either party files a complaint seeking divorce or division of property. The trial court concluded that when a divorce is vacated as being improper, and in the interest of judicial economy, there is no need to "reinvent the wheel" with respect to other properly decided issues. Id., 123.
On January 16, 1998, Appellant filed a Civ.R. 60(B) Motion for Relief from Judgment arguing that the trial court misapplied the holding of Bolinger, supra, and that the trial court lacked subject matter jurisdiction to reinstate its original property division, support and parenting orders. By a judgment entry filed June 2, 1998, the trial court overruled Appellant's motion and concluded that it had proper subject matter jurisdiction over those issues in 1995 and that there was no need to revisit those issues.
Appellant filed his Notice of Appeal on July 1, 1998. His sole assignment of error alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN DENYING APPELLANT'S RULE 60(B) MOTION IN DIRECT CONTRADICTION TO THE OHIO SUPREME COURT'S PRONUNCEMENT [sic] IN BOLINGER VS. BOLINGER, 49 OHIO ST.3d 120 (1990)."
Appellant contends that the trial court misapplied the ruling in Bolinger. supra. Appellant agrees with the trial court's conclusion that the Bolinger court held that an original award regarding property division is proper despite an invalid divorce decree. However, Appellant argues that the trial court ignored a key element to the decision in Bolinger, the filing of a counterclaim for divorce by the defendant.
Appellant also agrees that, "[t]he subject matter jurisdiction of a trial court to award permanent alimony and to formulate an equitable division of the marital assets commences when either party files a complaint for divorce and a division of the marital property." Id., syllabus of the court. Appellant argues, however, that Appellee did not file a valid complaint for divorce, as evidenced by our decision in McCree v. McCree (January 13, 1997),supra, and that since Appellant did not file a counterclaim for divorce, the trial court lacked subject matter jurisdiction in 1995 to make any determination with respect to the marital relationship.
We note that Appellant filed his Civ.R. 60(B) motion on January 16, 1998, seeking relief from a judgment filed on October 17, 1997. Appellant's motion was filed well beyond the time permitted to perfect a direct appeal from the judgment pursuant to App.R. 4(A). It is well established in Ohio that "Civ.R. 60(B) relief is not available as a substitute for an appeal, nor can it be used `to circumvent or extend the time requirements for filing an appeal.'" Rundle v. Rundle (1997), 123 Ohio App.3d 304, 305-306, quoting Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. It appears to us that Appellant filed his Civ.R. 60(B) motion for relief from judgment as a means to circumvent his failure to file a timely appeal. The matter which Appellant raised in his Civ.R. 60(B) motion and which is now before us, the trial court's subject matter jurisdiction to reinstate a portion of its original divorce decree, could have and should have been brought in a direct appeal from the October 17, 1997 judgment entry. See,Key v. Mitchell (1988), 81 Ohio St.3d 89, 91.
Normally, we would dismiss an appeal as improperly perfected when a Civ.R. 60(B) is used to circumvent the time limits of App.R. 4(A). However, Appellant raises the issue of the trial court's subject matter jurisdiction to reinstate a portion of its original divorce decree of October 20, 1995. Such an issue is of unique consequence to the proceedings.
Lack of subject matter jurisdiction may be raised at any point during the proceedings by the parties. Civ.R. 12(H). Lack of subject matter jurisdiction may be raised sua sponte by the court at any stage in the proceedings and it may be raised for the first time on appeal. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236,238; overruled on other grounds, Manning v. Ohio StateLibrary Bd., (1991) 62 Ohio St.3d 24, 29. In addition, a court of appeals is bound to raise any jurisdictional questions not raised by the parties. Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501.
If a court lacks subject matter jurisdiction, its judgments are void ab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68, 70. Ohio courts inherently possess the power to vacate a void judgment. Id. To establish that the trial court lacked subject matter jurisdiction, a party does not need to establish a basis for relief under Civ.R. 60(B). Id.
In effect, raising the issue of subject matter jurisdiction in a Civ.R. 60(B) motion operates as an exception to the standard that such a motion may not be used to circumvent an untimely appeal. As this issue commands deference by any court, our sole concern here is whether the trial court had jurisdiction to reinstate portions of the original divorce decree. We do not need to address the propriety of the court's denial of relief under Civ.R. 60(B). Patton v. Diemer, 70.
Subject matter jurisdiction is the power a court has, conferred by law, to hear and render a valid enforceable judgment in a case. Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87. The jurisdiction of the court of common pleas is expressly granted by the Ohio legislature and by Section 1, Article IV of the Ohio Constitution. Nielson v. Ford Motor Co. (1996), 113 Ohio App.3d 495,499. A common pleas court's jurisdiction over divorce proceedings is contained in R.C. §§ 3105.01 and .011, which state in relevant part as follows:
 "The court of common pleas may grant divorces for the following causes:
"* * *
"(D) Extreme cruelty;
"* * *
"(F) Any gross neglect of duty;
"* * *
 "(J) On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation;"
R.C. § 3105.01
 "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter."
R.C. § 3105.011. The further jurisdiction of a common pleas court over spousal support and the division of marital assets is governed by R.C. § 3105.171 and § 3105.18.
In Bolinger v. Bolinger, supra, the Ohio Supreme Court stated:
 "The subject matter jurisdiction of a trial court to award permanent alimony and to formulate an equitable division of the marital assets commences when either party files a complaint in divorce and a division of the marital property. (R.C. 3105.011, 3105.17, and 3105.18, construed.)"
Id., syllabus of the court.
Appellee filed her complaint for divorce in the Mahoning County Court of Common Pleas, Domestic Relations Division, on August 14, 1992. In her complaint she averred that she had been a resident of Mahoning County for at least six (6) months prior to filing the complaint, that she and Appellant were married and currently were the parents of two minor children, that she had an interest in the martial residence and other marital property and that Appellant was guilty of gross neglect of duty and extreme mental cruelty towards Appellee. In his answer to that complaint, Appellant admitted that Appellee satisfied the jurisdictional residency requirement as set forth in R.C. § 3105.03. There being no question that a valid complaint was filed and the answer to that complaint admitted to the residency requirement, the only conclusion that can be reached is that the trial court had jurisdiction over further proceedings in this case.
Appellant is confused about the significance of our ruling inMcCree v. McCree (January 13, 1997), supra. The specific error found on review of the October 20, 1995, Judgment Entry was that the magistrate, whose opinion was adopted in full by the trial court, should not have allowed Appellee to orally amend her complaint and should not have gone on to immediately grant a divorce based on the improperly amended complaint. We found it erroneous for the magistrate to deny Appellee proper notice and sufficient time to prepare a defense to the amended complaint. The divorce complaint was orally amended to add as grounds for divorce that the parties had lived apart for more than one (1) year pursuant to R.C. § 3105.01(J). We reversed the judgment entry of October 20, 1995, as well as those aspects of the Magistrate's Decision of August 22, 1995, which allowed the oral amendment. We did not rule that the original complaint was invalid. Upon remand, the trial court retained all of the jurisdictional and procedural powers available to it that were available prior to the October 20, 1995 ruling.
In McCree. McCree (January 13, 1997), we stated that, "the trial court clearly had authority to reconvene the final hearing, [but] it did not have the jurisdictional authority, pursuant to Civ.R. 15, to grant [A]ppellee's orally amended petition for divorce under R.C. 3105.01(J) wherein [A]ppellant was denied sufficient notice and opportunity to prepare a defense." Id., 7-8. Appellant attempts to interpret this to mean that the entire complaint should have been dismissed because there was no longer subject matter jurisdiction. Appellant's reading does not make sense of the plain language of our decision, which was a reversal and a remand for further proceedings. If we had found that there was no subject matter jurisdiction over the case from its inception, then the only appropriate response would have been for the Court to order an immediate dismissal of the case. Civ.R. 12(H)(3)
Appellant's contention that for Bolinger to apply in the present case, he must have filed a counterclaim for divorce is unfounded. His position presumes that our decision in McCree v.McCree (January 13, 1997) nullified Appellee's complaint. Appellant is incorrect in this assumption. This Court did not strike the entire complaint as invalid, only the oral amendment. Thus, the underlying complaint remained pending in the trial court. The holding in Bolinger requires only that either party file a valid complaint for divorce for the court to obtain subject matter jurisdiction. Id., syllabus of the court. Based on our specific decision in McCree v. McCree (January 13, 1997), Appellee's original complaint remained valid.
The Bolinger Court clearly states that a trial court has subject matter jurisdiction over spousal support and property division commencing with a valid complaint for divorce. Id., syllabus of the court. However, Bolinger makes no mention as to when a trial court obtains the subject matter jurisdiction in order to determine parental rights. R.C. § 3109.04 grants a common pleas court the power to determine parental rights, "[i]n any divorce, legal separation, or annulment proceeding * * *" Since we have already reiterated the validity of the initial divorce proceeding, the trial court had jurisdiction to determine parental rights upon its filing.
Since the trial court had jurisdiction over the issues of spousal support, property division and parental rights, it was not erroneous for the trial court to reinstate that portion of the October 20, 1995 judgment entry which determined those issues. The trial court properly applied the holding of Bolinger
in the interest of judicial economy by not relitigating matters unaffected by our holding in McCree v. McCree (January 13, 1997). For the foregoing reasons, Appellant's assignment of error lacks merit and we affirm the decision of the trial court.
DONOFRIO J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ________________________ CHERYL L. WAITE, JUDGE.