THE STATE EX REL. MASON, PROS. ATTY., *v.* GRIFFIN, JUDGE.

[Cite as *State ex rel. Mason v. Griffin,* 104
Ohio St.3d 279, 2004-Ohio-6384.]

(No. 2004–1477—Submitted November 23, 2004—Decided December 1, 2004.)

**Per Curiam.**

{¶ 1} Terrance Moore was indicted in two separate criminal cases in the Cuyahoga County Court of Common Pleas. After Moore waived his right to a jury trial on the charges, respondent, Judge Burt W. Griffin, conducted a bench trial of the criminal cases. The trial concluded on June 17, 2004.

{¶ 2} On June 24, 2004, the Supreme Court of the United States held that a Washington trial court's sentencing of a criminal defendant to more than three years above the statutory maximum of the standard range for second-degree kidnapping involving the use of a firearm, which was based on the sentencing judge's finding under Washington law that the defendant acted with deliberate cruelty, violated the defendant's Sixth Amendment right to a jury trial. *Blakely v. Washington* (2004), —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403.

{¶ 3} On July 7, 2004, Judge Griffin convicted Moore of multiple counts of trafficking in drugs, some of which had accompanying major-drug-offender specifications, and possession of drugs. Judge Griffin also found Moore guilty of having weapons while under disability and possessing criminal tools.

{¶ 4} At a July 26, 2004 presentencing hearing, Judge Griffin advised Moore that the court believed that he had a right to a jury trial for sentencing if the state sought a prison term longer than the initial statutory maximum for the major-drug-offender specifications or requested consecutive sentences. Judge Griffin cited *Blakely* in support of the jury-trial option. On July 27, 2004, the state, represented by the office of relator, Cuyahoga County Prosecuting Attorney William D. Mason, announced its intention to seek more than the initial statutory maximum for the convictions. Moore then elected a jury sentencing hearing pursuant to *Blakely*. By entries dated July 29, 2004, Judge Griffin scheduled the jury sentencing hearing for October 6.

{¶ 5} In August 2004, Mason, on behalf of the state, filed a written objection to the jury sentencing hearing.

{¶ 6} On September 3, 2004, Mason filed this action for a writ of prohibition to prevent Judge Griffin "from creating and presiding over a non-statutory sentencing procedure by which a jury will make findings necessary to support certain sentences" in Moore's criminal cases. On September 22, 2004, Judge Griffin moved to dismiss the prohibition action. On that same date, Judge Griffin held another presentencing conference at which he concluded that a hearing should be held before he determined whether a *Blakely* jury sentencing hearing would be required. By entries dated September 28 and October 5, 2004, Judge Griffin set the hearing for October 6 "to determine any Blakely issues." Judge Griffin did not, however, cancel the previously scheduled jury sentencing hearing.

{¶ 7} On October 1, 2004, we denied Judge Griffin's motion to dismiss, granted an alternative writ of prohibition, and ordered the submission of evidence and briefing. *State ex rel. Mason v. Griffin*, 103 Ohio St.3d 1469, 2004-Ohio-5294, 815 N.E.2d 1122. For his evidence, Judge Griffin submitted an affidavit in which he stated, "I am unable to determine if a jury sentencing hearing is appropriate until I am satisfied, based both on proposed evidence and an examination of the law, that the State is able to justify the imposition of an enhanced sentence[ ] because of the major drug offender specifications of which defendant was convicted or other specifications for which *Blakely* would require a jury sentencing hearing." Judge Griffin specified that he set the hearing on October 6 "to provide the parties with the opportunity to show what evidence they intended to present which would warrant a *Blakely* hearing."

{¶ 8} Mason provided evidence that established that Judge Griffin never expressly cancelled the jury sentencing hearing and that he understood that "Judge Griffin intends to create and preside over a jury sentencing trial in violation of Ohio sentencing statutes, if the State seeks consecutive sentences, a sentence on the [major-drug-offender] specification[s] or maximum sentences in [Moore's criminal cases]." On November 16, Judge Griffin filed his brief. On November 17, Moore moved to intervene in this proceeding.

{¶ 9} This cause is now before the court for a consideration of Moore's motion to intervene and for a decision on the merits.

## Motion to Intervene

{¶ 10} Moore moves to intervene as a respondent in this case. We deny the motion for the following reasons. Even though Moore either knew or should have known of this case shortly after it was filed in September, he waited until after we granted an alternative writ and the parties filed their evidence and initial briefs before attempting to intervene on November 17. Under these circum-

stances, Moore's motion was not timely. See, generally, *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058. In addition, Moore did not file the required pleading with his motion. See Civ.R. 24(C); *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, ¶ 13; see, also, *State ex rel. Wilkinson v. Reed,* 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, fn. 1, and cases cited therein.

{¶ 11} Nevertheless, because Moore was entitled to file an amicus curiae brief without leave of court as long as he filed it by the date that Judge Griffin's brief was due, we treat his brief as an amicus curiae brief and consider it in resolving this case. See S.Ct.Prac.R. X(8) and VI(6).

## Prohibition

{¶ 12} Mason seeks a writ of prohibition to prevent Judge Griffin from holding a jury sentencing hearing in the underlying criminal cases. In order to be entitled to the writ, Mason must establish that (1) Judge Griffin is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff,* 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 9.

{¶ 13} Mason asserts that Judge Griffin patently and unambiguously lacks jurisdiction to hold the jury sentencing hearing in the criminal cases. " 'If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 14, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. "In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy at law need not be proven because the availability of alternate remedies like appeal would be immaterial." *State ex rel. State v. Lewis,* 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

{¶ 14} For the following reasons, Judge Griffin patently and unambiguously lacks jurisdiction to hold a jury sentencing hearing, and Mason is entitled to a writ of prohibition.

{¶ 15} Neither the Ohio Constitution nor any statute authorizes Judge Griffin to conduct a jury sentencing hearing. The Ohio Constitution does not confer jurisdiction on courts of common pleas; the Constitution instead provides that jurisdiction must be conferred on these courts by the General Assembly. Section

4(B), Article IV, Ohio Constitution ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law*" [emphasis added]); *In re Seltzer* (1993), 67 Ohio St.3d 220, 222, 616 N.E.2d 1108; *Nielsen v. Ford Motor Co.* (1996), 113 Ohio App.3d 495, 499, 681 N.E.2d 470. (Emphasis added.) No statute authorizes Judge Griffin to convene a jury to make findings concerning sentencing in the underlying criminal cases.

{¶ 16} In fact, the sentencing statutes pertinent to Moore's criminal cases vest the exclusive responsibility to make these determinations in the court and not in a jury. See, e.g., R.C. 2929.14(D)(3)(a) ("if the offender commits a felony violation * * * that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana, and *the court* imposing the sentence upon the offender *finds that the offender is guilty of a specification* of the type described in section 2941.1410 of the Revised Code *charging that the offender is a major drug offender * * * the court* shall impose upon the offender for the felony violation a ten-year prison term * * *"); 2929.14(D)(3)(b) ("*The court* imposing a prison term on an offender under division [D][3][a] of this section *may impose an additional prison term* of one, two, three, four, five, six, seven, eight, nine, or ten years, *if the court * * * makes both of the findings* set forth in divisions [D][2][b][i] and [ii] of this section"); 2929.14(C) ("*[T]he court* imposing a sentence upon an offender for a felony *may impose the longest prison term * * ** only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, *upon certain major drug offenders under division [D][3] of this section,* and upon certain repeat violent offenders * * *"); 2929.14(E)(4) ("If multiple prison terms are imposed on an offender for convictions of multiple offenses, *the court may require the offender to serve the prison terms consecutively if the court finds* that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct"). (Emphases added.)

{¶ 17} Moreover, insofar as Judge Griffin determined that *Blakely* might render these statutes unconstitutional, he should apply the pertinent sentencing statutes without any enhancement provisions found to be unconstitutional by him. Instead, he ordered a hybrid procedure—a jury sentencing hearing to make certain findings upon which he would base his sentencing decision—that is not sanctioned by any current or former version of a statute. That is, Judge Griffin had two choices: (1) apply the statutes as if *Blakely* did not render them unconstitutional and conduct a sentencing hearing without a jury or (2) find the statutes unconstitutional under *Blakely* and refuse to impose those enhancement provisions he deemed unconstitutional. By choosing neither, he proceeded in a manner in which he patently and unambiguously lacked jurisdiction to act.

{¶ 18} Finally, Judge Griffin claims that until he "decides, based both on proposed evidence and an examination of the law, that a jury determination would be appropriate for factors relevant to an enhanced sentence, a jury sentencing hearing will not go forward" and that there is thus "no issue at this point for the Supreme Court to resolve." Moore raises the same argument. Admittedly, a prohibition claim can be rendered moot when the act sought to be prevented is discontinued or abandoned by the respondent. See *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 26 ("to the extent that [relators] sought to prevent a policy that had already been discontinued by [respondents], their prohibition claim was moot"); see, also, *State ex rel. Consumers' Counsel v. Pub. Util. Comm.,* 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 12 ("Because [relator] sought the writ [of prohibition] to prevent the commission from *granting* the applications [for rehearing] [and the commission has now denied the applications], its request appears moot"). (Emphasis sic.)

{¶ 19} Here, however, Judge Griffin *never cancelled* the jury sentencing hearing that he originally ordered in July 2004. Moreover, the state understands that Judge Griffin's most recent order simply means that if it requests more jail time for the major-drug-offender specifications or consecutive sentences, the judge will order a jury sentencing hearing. In fact, the state has already indicated in the criminal cases that it will seek these enhanced sentences. Therefore, this prohibition action is neither moot nor premature.

{¶ 20} By so holding, we need not address the constitutional issue posed by *Blakely* in this case. See *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 34, quoting *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114 (" '[c]ourts decide constitutional issues only when absolutely necessary' ").

{¶ 21} Based on the foregoing, Judge Griffin patently and unambiguously lacks jurisdiction to conduct a jury sentencing hearing in the underlying criminal cases. Therefore, we grant a writ of prohibition to prevent Judge Griffin from conducting a jury sentencing hearing. In addition, any hearing to determine whether to proceed with the jury sentencing hearing is unnecessary.

Writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Lisa Reitz Williamson, Assistant Prosecuting Attorney, for relator.

Rebecca M. Horst, for respondent.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging denial of writ for amicus curiae, Terrance Moore.