I {¶ 43} First, I respectfully dissent because I find unconstitutional the en banc process this court used to arrive at a decision in this case. I further dissent because I find the application of Blakely andBooker, ante, renders unconstitutional the process, mandated by Ohio statute, that requires a judge to make certain findings in order to impose more than the minimum on offenders who have never been incarcerated. Because I dissented on the same grounds in State v. Lett,
Cuyahoga App. Nos. 84707 and 84729, which is being issued simultaneously with the opinion in the case at bar, I incorporate that dissent here.
 II {¶ 44} In Smylie v. Indiana (2005), 823 N.E.2d 679, the Indiana Supreme Court found a sentencing statute unconstitutional under Blakely
and Booker, and ordered the case remanded to the lower court to allow the State to elect between proving to a jury adequate aggravating circumstances or to accept the statutory fixed term. Id. at 691. The Ohio Supreme Court has already denied the first option that the Indiana Court provided: sending the sentence part of the case back to a jury. Mason v.Griffin (2004) 104 Ohio St.3d 279. The second alternative was a sentence based on the "fixed term," that is, the presumptive sentence. I would follow the remedy adopted by the Indiana Supreme Court in its second alternative, a remedy also adopted by the First Appellate District in Ohio. State v. Bruce, Hamilton App. No. C-040421, 2005-Ohio-373, at ¶1.
 CONCURRING AND DISSENTING OPINION