OPINION
{¶ 1} Defendant-appellant, Thomas A. Scarberry (hereinafter referred to as "appellant"), appeals the judgment of the Common Pleas Court of Logan County sentencing him to an aggregate term of sixteen (16) years in prison.
 {¶ 2} On the evening of December 27, 2003, appellant broke and entered into the home of an eighty (80) year-old woman ("the victim"). At the time of the break-in, the victim was sleeping on her couch and awoke to find appellant standing in her living room. At one point, the victim was able to momentarily escape through the front door of her house and ran into the street. Appellant gave chase, knocked the victim to the ground, kicked her, and dragged her by her hair and arms back into her residence. Once back inside the house, appellant forced the victim into the bedroom, physically assaulted her, and raped her. Thereafter, appellant took money from the victim's purse, threatened to kill her if she called the police, exited the house, stole the victim's motor vehicle, and drove away from the victim's residence.
 {¶ 3} Stemming from this incident, appellant was indicted and charged with five separate criminal offenses.[1] Thereafter, on June 4, 2004, appellant entered into a plea agreement with the state in which appellant pleaded guilty to one count of Rape in violation of R.C. 2907.02(A)(2) and one count of Burglary in violation of R.C. 2911.12(A), which are felonies of the first and second degrees, respectively. In exchange, the state dismissed the three remaining counts originally in the indictment.
 {¶ 4} Subsequent to appellant's entry of the two guilty pleas, the trial court sentenced appellant to consecutive prison terms of six (6) and ten (10) years, respectively, for the burglary and rape offenses, resulting in an aggregate prison sentence of sixteen (16) years.
 {¶ 5} It from this judgment that appellant now appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court's imposition of 1) sentences greater than the statutoryminimum, 2) a maximum sentence, and 3) consecutive sentences was contraryto law.
 {¶ 6} In this assignment of error, appellant asserts that the trial court's order sentencing appellant to more than the minimum sentence of two years in prison for the offense of burglary, to the statutory maximum term of ten years for the offense of rape, and to serve these sentences consecutively are contrary to the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. Appellant, therefore, urges this court to vacate the trial court's sentence and, on remand, order the trial court to sentence appellant to concurrent statutory minimum sentences of two and three years in prison[2] for the offenses of burglary and rape, respectively. In the alternative, appellant asserts that even if Blakely does not apply to the case sub judice, the trial court's imposition of a consecutive sentence is still, for other reasons, contrary to law. For the reasons that follow, appellant's arguments are not well taken.
 {¶ 7} Upon review, if an appellate court clearly and convincingly finds that the record does not support a sentencing court's required findings or determines that a sentence is otherwise contrary to law, R.C. 2953.08(G)(1) and (2) authorize the appellate court to increase, reduce, or otherwise modify a criminal sentence, or to vacate the sentence and remand the matter to the trial court for re-sentencing. A sentence imposed by a trial court, therefore, will not be disturbed absent a showing by clear and convincing evidence that the trial court's sentence is contrary to law. R.C. 2953.08(G).
 {¶ 8} Before a trial court may impose a sentence in excess of the statutory minimum, impose the maximum prison sentence for the particular offense, or order that multiple prison sentences be served consecutively, the trial court must make certain findings and, for maximum and consecutive sentences, must give its reasons for doing so on the record. See R.C. 2929.14(B)(1) and (2), R.C. 2929.14(C), and R.C.2929.14(E)(4), respectively.
 {¶ 9} In the case herein, appellant concedes that the trial court made the necessary findings required by R.C. 2929.14(B) and (C) to impose a sentence greater than the minimum sentence for burglary and to sentence appellant to the maximum term of ten years in prison for rape. Appellant further concedes that the trial court made the findings required by R.C. 292.14(E)(4) to order that said sentences be served consecutively. Appellant, however, specifically maintains that the trial court's findings that "the shortest term of imprisonment would demean the seriousness of appellant's conduct and would not adequately protect the public" (see R.C. 2929.14(B)(2)); that appellant "committed the worst form of the offense" (R.C. 2929.14(C)); and that appellant is likely to recidivate (R.C. 2929.14(E)(4) and 2929.12(D) and (E)) were contrary to the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531.
 {¶ 10} This court has addressed the application Blakely to Ohio's felony sentencing statutes in State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, wherein this court recognized the differences between the Washington state sentencing framework found unconstitutional in Blakely
and the determinations that an Ohio sentencing court must make before imposing a felony sentence under Ohio law. In Trubee, we determined that:
Unlike the Washington statute, the sentencing "range" created by R.C.2929.14(B) is not "the maximum sentence a judge mayimpose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Blakely, 124 S.Ct. at 2537. Rather, it limitsa defendant's potential sentence within the statutory range created byR.C. 2929.14(A). Put simply, [for example] the facts reflected in a juryverdict convicting a defendant of a third degree felony allow a sentenceof up to five years. R.C. 2929.14(B) merely limits judicial discretion insentencing within that range. Trubee, 2005-Ohio-552, at ¶ 23.
Thus, once a criminal defendant enters a plea of guilty, Ohio's felony sentencing statutes allow a trial court to sentence a criminal offender to a term of imprisonment that is within the overall statutorily prescribed range of sentences provided by R.C. 2929.14(A) for each offensewithout running afoul of the Sixth Amendment. See Trubee, supra. Because Ohio's sentencing guidelines do not violate Blakely, and because the trial court complied with all the statutory requirements in imposing appellant's sentences, we find appellant's Blakely argument to be without merit. See also State v. Moore, 3d Dist. No. 1-04-09, 2004-Ohio-676.
 {¶ 11} Appellant next asserts that even if the United States Supreme Court's decision in Blakely, supra, is inapplicable to the case herein, the trial court's imposition of consecutive sentences, nonetheless, remains contrary to law.
 {¶ 12} R.C. 2929.14(E)(4) specifically provides that a trial courtmay impose consecutive sentences if it finds each of the following: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; and (2) consecutive sentences are notdisproportionate to the seriousness of the offender's conduct and to thedanger the offender poses to the public; and (3) one of three factors provided by R.C. 2929.14(E)(4) (a-c) is applicable to the case at bar. Emphasis added.[3]
 {¶ 13} However, as pertinent to this appeal, before a trial court may find that "consecutive sentences are not disproportionate * * * to thedanger the offender poses to the public;" as required by R.C.2929.14(E)(4), it must first consider the nonexclusive list of factors under R.C. 2929.12(D)(1) through (5), which are factors indicative of an offenders' likelihood of recidivism, and weigh those factors against the applicable factors provided by R.C. 2929.12(E)(1) through (5) which tend to indicate that an offender is less likely to recidivate. See R.C.2929.12(D) and (E); see also State v. Watkins, 3d Dist. No. 2-04-08,2004-Ohio-4809, ¶ 17. It is within discretion of the trial court to determine the amount of weight to assign to each applicable statutory factor. See State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302, citations omitted. It is in this regard appellant asserts that the trial court erred and specifically maintains that the trial court incorrectly weighed the applicable recidivism factors provided by 2929.12(D) and (E) to support its finding that "[a] consecutive sentences is not disproportionate to * * * the danger he [(appellant)] poses to the public." For the reasons that follow, we disagree.
 {¶ 14} Prior to making this specific finding the trial court reviewed the victim impact statement, appellant's pre-sentence investigation report, and, in addition, listened to a statement written by the victim which was read into the record by the victim's son-in-law. After considering all of the evidence and the facts of the case and applying them to the recidivism factors listed in R.C. 2929.12(D), the trial court stated on the record that:
[i]n reaching this conclusion, the court takes into account the * * *the recidivism factors. The recidivism factors reflect that the defendant* * * has other history of criminal convictions. The defendant hasdemonstrated a pattern of drug or alcohol abuse related to this offenseand has in the past acknowledged the pattern of that offense.
The record herein makes evident that the trial court also considered the list of "less likely" recidivism factors provided by R.C. 2929.12(E) and specifically took into consideration the fact that appellant had never been adjudicated a delinquent child and that appellant, at least on the day of the sentencing hearing, showed remorse for the offenses for which he was being convicted.
 {¶ 15} Based on the preceding, it is evident that the trial court properly considered and applied the recidivism factors provided by R.C.2929.12(D) and (E). Accordingly, despite appellant's argument to the contrary, we do not find by clear and convincing evidence the trial court's findings that appellant is "more likely to recidivate" and that "a consecutive sentence is not disproportionate to the danger appellant poses to the public" are contrary to law or otherwise unsupported by the record.
 {¶ 16} Specifically, it is undisputed that at the time of sentencing appellant had five (5) prior misdemeanor convictions, which included convictions for assault, resisting arrest, and three traffic offenses, and in addition, also had an outstanding warrant for his arrest for a fourth degree misdemeanor charge of persistent disorderly conduct. In addition, while appellant admitted during the sentencing hearing that he has a problem with drug and alcohol abuse, he did not indicate that he had obtained or was willing to seek, treatment for his addictions. Appellant further admitted that he was under the influence of drugs and alcohol at the time when he committed the offenses herein. Finally, although not expressly found by the trial court, we further note that the circumstances under which the offenses herein occurred indicate that appellant is capable of unprovoked, random, violent criminal acts that could easily recur if appellant remained a part of free society. See R.C. 2929.12(E)(4).
 {¶ 17} In conclusion, we do not find by clear and convincing evidence that the trial court's order of consecutive sentences is contrary to law. Accordingly, appellant's sole assignment of error is hereby overruled. Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, J.J. concur.
[1] Specifically, the January 13, 2004 indictment charged appellant with one count of Rape (R.C. 2907.02(A)(2)), one count of Burglary (R.C.2911.12(A)), one count of Robbery (R.C. 2911.02(A)(2)), one count of Kidnapping (R.C. 2905.01(A)(4)), with a "sexual motivation" specification, and one count of Grand Theft of a Motor Vehicle (2913.02(A)(1)).
[2] R.C. 2929.14(A)(1) provides that a trial court shall impose a definite prison sentence of three to ten years for a felony of the first degree, in this case the offense of rape. Likewise, R.C. 2929.14(A)(2) instructs that for a felony of the second degree, in this case the offense of burglary, the trial court may sentence the offender to a sentence of two to eight years in prison.
[3] In addition, the trial court is further "required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, paragraph one of the syllabus, 2003-Ohio-4165.