OPINION
{¶ 1} Defendant-Appellant, Ricky Daniels, appeals from a judgment of the Putnam County Court of Common Pleas, convicting Daniels of involuntary manslaughter and child endangering. Daniels claims that the trial court erred by sentencing him to maximum consecutive sentences. After reviewing the entire record, we find that the trial court considered all of the required statutory factors and made all of the findings necessary to impose maximum consecutive sentences. Furthermore, we hold that the trial court stated its reasons for making these findings on the record at the sentencing hearing. Accordingly, the judgment of the trial court is affirmed.
 {¶ 2} On March 29, 2003, at around 11:30 p.m., Daniels picked up his five month old son, Trey Daniels, from his mother's residence. Daniels took Trey to his brother's residence and proceeded to consume twelve beers and a fourth of a bottle of Green Apple Pucker. At around 4:00 in the morning, Daniels left his brother's residence with Trey and returned to his own residence. Daniels admits that he was intoxicated and under the influence of cocaine when he left his brother's house.
 {¶ 3} Thereafter, at around 4:30 a.m., Daniels called 911 to report that Trey had stopped breathing. Consequently, emergency personnel were dispatched to Daniels' home, and Trey was eventually lifeflighted to St. Vincent's Children's Mercy Hospital in Toledo, Ohio. On April 1, 2003, Trey was removed from life support and passed away. The subsequent autopsy revealed that Trey had died as a result of shaken-impact syndrome, which had been caused by child abuse. Doctors also determined that Trey's left arm had been broken and that bruises on his head were consistent with child abuse.
 {¶ 4} Based on the conclusions in the autopsy report and the investigation of the police, Daniels was charged with one count of endangering children in violation of R.C. 2919.22(B)(1) (E)(2)(d), a felony of the second degree, one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of murder in violation of R.C. 2903.02(B), a felony of the first degree. Eventually, Daniels waived his right to an indictment and pled guilty by way of a bill of information to one count of endangering children in violation of R.C. 2919.22(B)(1) (E)(2)(d), a felony of the second degree, and one count of involuntary manslaughter in violation of R.C.2903.04(A), a felony of the first degree. In exchange for his guilty plea, the State dismissed the original three count indictment.
 {¶ 5} The trial court accepted Daniels' guilty plea, and a sentencing hearing was conducted on July 23, 2003. After considering the arguments of both parties, the presentence investigation report, the coroner's report, Trey's medical records, the victim impact statements of Trey's mother and paternal grandmother, and the diagnostic evaluations of Daniels, the trial court found that Daniels had committed the worst forms of the offenses and posed the greatest likelihood to commit future crimes. Therefore, the trial court found that maximum sentences would be appropriate and sentenced Daniels to eight years on the endangering children conviction and ten years on the involuntary manslaughter conviction. These sentences were the maximum that the trial court could have imposed under R.C. 2929.14(A)(1) (2). Furthermore, the trial court ordered Daniels' sentences to be served consecutively.
 {¶ 6} Daniels appealed from this judgment, claiming that the State had failed to include all of the essential elements of the endangering children charge on the bill of information. He also claimed that the trial court had erred by imposing maximum consecutive sentences. In Statev. Daniels, 3rd Dist. No. 12-03-12, 2004-Ohio-2063, at ¶ 3 ("Daniels I"), this Court found that the bill of information had failed to state all of the essential elements of child endangering and was not a satisfactory charging instrument for that count. Therefore, we reversed the conviction of the trial court as to this charge and remanded the cause for further proceedings. Id. Having so ruled, we found that Daniels' argument concerning the maximum and consecutive sentences was moot, and we declined to address the issue. Id at ¶ 4.
 {¶ 7} On remand, both parties agreed that our opinion in Daniels I had not affected the trial court's conviction and sentence as to the involuntary manslaughter charge. After a plea bargain, Daniels again agreed to waive his right to an indictment and pled guilty to an amended bill of information that charged one count of endangering children in violation of R.C. 2919.22(B)(1) (E)(2)(d), a felony of the second degree. This bill of information contained all of the necessary elements of child endangering and is not challenged in the current appeal. In return for Daniels' guilty plea, the State agreed not to pursue an appeal of our decision in Daniels I to the Ohio Supreme Court. At the hearing on his guilty plea, Daniels admitted on the record that he had caused the injury to Trey that resulted in the broken arm. He also admitted that he had caused Trey's death by shaking him. The trial court accepted Daniels' guilty plea and ordered an updated presentence investigation report. The matter was scheduled for a sentencing hearing on July 26, 2004.
 {¶ 8} At the July 26 sentencing hearing, the trial court considered the updated presentence investigation report and all of the evidence that it had considered at the earlier sentencing hearing. The trial court found that Daniels had committed the worst form of the offense and posed the greatest likelihood of recidivating. Accordingly, the trial court imposed the maximum penalty for the child endangering charge, which was eight years. R.C. 2929.14(A)(2). The trial court also found that consecutive sentences were necessary to protect the public and to punish the offender and that the harm caused by Daniels was so great that no single prison term would reflect the seriousness of his conduct. Accordingly, the trial court ordered Daniels' sentence on the child endangering charge to be served consecutive to the ten year sentence he had received for the involuntary manslaughter charge. Daniels appeals from this judgment, presenting one assignment of error for our review.
 Assignment of Error The trial court committed an error of law by imposing maximumconsecutive sentences.
 {¶ 9} In his sole assignment of error, Daniels contends that the trial court failed to state on the record at the sentencing hearing its reasons for imposing maximum and consecutive sentences. He also claims that such sentences are unconstitutional under the United States Supreme Court's ruling in Blakely v. Washington (2004), 124 S.Ct. 2531.
 {¶ 10} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin,136 Ohio App.3d 355, 362, 1999-Ohio-814. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. R.C. 2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 11} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones, 93 Ohio St.3d 391, 400, 2001-Ohio-1341.
 {¶ 12} According to R.C. 2929.14(C), a trial court may only impose the maximum prison term upon an offender who either committed the worst form of the offense or who poses the greatest likelihood of recidivating. In order to impose consecutive sentences, the trial court must follow R.C.2929.14(E)(4), which provides:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 13} In determining whether either maximum or consecutive sentences should be imposed, the trial court must consider the seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v.Delong, 3rd Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v.Pitts, 3rd Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 14} Herein, the trial court clearly made the required statutory findings necessary to impose the maximum sentences on the record. The trial court also made the required statutory findings necessary to impose these sentences consecutively on the record. Furthermore, in making these findings the trial court discussed Daniels' criminal history and prior adjudications, his failure to respond favorably to past sanctions, his history of drug and alcohol abuse, his refusal to seek treatment for such abuse, his lack of remorse at the time of the offense, his lying to the police and treating physicians, his relationship to the victim, the age of the victim, and the amount of physical harm to the victim.
 {¶ 15} After reviewing the entire record, we find that the trial court considered all of the required statutory factors, made all of the required findings necessary to impose maximum and consecutive sentences at the sentencing hearing, and stated its reasoning for making such findings. We also hold that the findings are supported by the record. Accordingly, Daniels' first argument that the trial court erred by imposing maximum consecutive sentences is overruled.
 {¶ 16} Additionally, Daniels claims that maximum consecutive sentences are unlawful under the United States Supreme Court's holding in Blakelyv. Washington (2004), 124 S.Ct. 2531. We have previously held that the holding in Blakely does not apply to Ohio's sentencing scheme. State v.Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, such a claim is without merit.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, JJ., concur.