OPINION
{¶ 1} The defendant-appellant, Thomas Allen Scarberry, appeals the judgment of the Logan County Common Pleas Court sentencing him to an aggregate prison term of 16 years.
 {¶ 2} In December 2003, Scarberry broke into and entered the home of an eighty-year-old woman who was asleep on her couch. The victim awoke to find Scarberry standing in her living room. Scarberry threatened to "make a boy" on the victim and demanded her money. The victim gave him $30, and while he used her bathroom, she managed to escape the home. However, Scarberry caught up to her in the street where he physically assaulted her, then dragged her back into her home by the hair and arms. Scarberry forced the victim into her bedroom and raped her. As he left the home, Scarberry took the victim's jewelry, had her open the garage door, and drove away from the residence in her car.
 {¶ 3} For these offenses, the grand jury indicted Scarberry on one count of burglary, a violation of R.C. 2911.12(A)(1), a second-degree felony; one count of robbery, a violation of R.C. 2911.02(A)(2), a second-degree felony; one count of rape, a violation of R.C.2907.02(A)(2), a first-degree felony; one count of kidnapping, a violation of R.C. 2905.01(A)(4), a first-degree felony; and one count of grand theft, a violation of R.C. 2913.02(A)(1), a fourth-degree felony. On June 4, 2004, Scarberry withdrew his previously tendered pleas of not guilty and pled *Page 3 
guilty to the indictment on the rape and burglary offenses. In exchange for his guilty pleas, the State dismissed the remainder of the indictment.
 {¶ 4} On July 12, 2004, the trial court sentenced Scarberry to consecutive prison terms of six years for burglary and ten years for rape; an aggregate prison term of 16 years. Scarberry appealed his sentence, which we affirmed based on State v. Trubee, 3rd
Dist. No. 9-03-65, 2005-Ohio-552. State v. Scarberry, 3rd
Dist. No. 8-04-32, 2005-Ohio-1425. The Ohio Supreme Court accepted Scarberry's appeal, and subsequent to the court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, Scarberry's sentence was reversed and remanded to the trial court for a new sentencing hearing. In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, at ¶ 51.
 {¶ 5} At the new sentencing hearing, the trial court imposed the same sentence it had previously ordered. Scarberry appeals the trial court's judgment of sentence and asserts one assignment of error for our review.
 Assignment of Error The trial court erred, as a matter of law, when it applied a sentencing scheme which was not in effect at the time of the commission of the offenses contained in the indictment.
 {¶ 6} In support of his assignment of error, Scarberry sets forth four separate arguments. Scarberry's first and second arguments are virtually identical. Essentially, Scarberry contends that the severance remedy announced in Foster is *Page 4 
unconstitutional because it violates his right to a jury trial and violates the due process clause as an ex post facto law. In his third argument, Scarberry contends that the rule of lenity prohibits the Supreme Court from interpreting a statute so as to increase the penalty when that interpretation is based on speculation as to the legislature's intent. Scarberry contends that the legislature intended for findings to be made to differentiate the severity between defendants' crimes. Finally, Scarberry contends that the Supreme Court's remedy inFoster constitutes a violation of the separation of powers doctrine. Scarberry contends when the court removed unconstitutional provisions from the sentencing statutes, it also removed constitutional provisions, such as the presumption that minimum, concurrent sentences would be imposed.
 {¶ 7} In a brief response, the State asserts that Scarberry is asking this Court to refrain from applying the Ohio Supreme Court's holding inFoster and this Court's holding in State v. McGhee, 3rd
Dist. No. 17-06-05, 2006-Ohio-5162.
 {¶ 8} "In contrast to determinations of fact which are accorded considerable deference, questions of law are examined by this courtde novo." (Emphasis sic). Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147, 593 N.E.2d 286, citing Consumers' Counsel v.Pub. Util. Comm. (1979), 58 Ohio St.2d 108, 110, 388 N.E.2d 1370. De novo is an independent review, without deference to the trial court's judgment. Consumers' Counsel, at 110. *Page 5 
This Court has previously discussed each of Scarberry's assertions. We have held that the remedial holding in Foster does not create an ex post facto law because it does not violate due process. McGhee, at ¶ 14-20. Furthermore, the Ohio Supreme Court has expressly held that defendants are not entitled to a separate jury trial on sentencing issues.McGhee, at ¶ 17, citing State ex rel. Mason v. Griffin,104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644. See also Foster, at ¶ 87.
 {¶ 9} Also in McGhee, we discussed the concerns addressed in Scarberry's fourth argument. The "constitutional features" referenced in Scarberry's brief are the presumptions that a defendant would receive the lowest potential prison term and concurrent sentences. However, these presumptions were neither vested nor substantial rights.McGhee, at ¶ 24-25. Therefore, Scarberry's first, second, and fourth arguments are without merit.
 {¶ 10} We have also addressed Scarberry's argument concerning the rule of lenity.
 The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides that "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 The rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. United States v. Johnson (2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, *Page 6 137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. Therefore, the rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes.
State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 11-12. Therefore, Scarberry's fourth assignment of error is also without merit. The sole assignment of error is overruled.
 {¶ 11} The judgment of the Logan County Common Pleas Court is affirmed.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur. r *Page 1