OPINION *Page 2 
{¶ 1} Defendant-appellant Ricky Daniels appeals the sentence imposed by the Putnam County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case stems from the death of Daniels' son, Trey. The autopsy revealed that Trey died as a result of shaken-impact syndrome which was caused by child abuse.[1]
 {¶ 3} On April 11, 2003, Daniels was indicted on one count of endangering children, in violation of R.C. 2919.22(B)(1) (E)(2)(d), and a second degree felony; one count of felonious assault, in violation of R.C. 2903.11(A)(1), and a second degree felony; and one count of murder, in violation of R.C. 2903.02(B).
 {¶ 4} Thereafter, Daniels pled guilty to a bill of information which included one count of endangering children, in violation of R.C. 2919.22(B)(1) (E)(2)(d), and a second degree felony; and one count of involuntary manslaughter, in violation of R.C. 2903.04(A), and a first degree felony. The prosecution dismissed the three count indictment pursuant to a plea agreement. The trial court sentenced Daniels to eight years on the endangering *Page 3 
children count and ten years on the involuntary manslaughter. The trial court ordered the sentences to be served consecutively.
 {¶ 5} Daniels filed an appeal with this court. State v. Daniels, 3d. Dist. No. 12-03-12, 2004-Ohio-2063. In that case, we reversed the trial court's conviction because the bill of information failed to state an essential element of child endangering, and thus, was not a satisfactory charging document. Id. at ¶ 3. This court further found that the maximum and consecutive arguments to be moot because we reversed the conviction. Id. at ¶ 4.
 {¶ 6} On remand, the trial court acknowledged that this court's decision in Daniels had not affected the trial court's conviction and sentence on the involuntary manslaughter charge. Daniels,2005-Ohio-1920, at ¶ 7. Thereafter, Daniels again waived his right to an indictment and pled guilty to an amended bill of information of one count of endangering children, a violation of R.C. 2919.22(B)(1) (E)(2)(d) and a second degree felony. Id. The trial court then sentenced Daniels to eight years on the child endangering charge. Id. at ¶ 8. The trial court also ordered the sentence to be served consecutively to the ten year sentence that Daniels had received for the involuntary manslaughter charge. Id.
 {¶ 7} Daniels filed an appeal with this court arguing that the trial court failed to state the reasons for sentencing him to maximum and consecutive sentences on the record at the sentencing hearing.Daniels, 2005-Ohio-1920. *Page 4 
Daniels also argued, on appeal, that his sentence was unconstitutional under the United States Supreme Court decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Id. This court affirmed the trial court's sentence and held that the trial court made the necessary statutory findings to impose maximum and consecutive sentences on the record and stated its reasons for making the statutory findings. Id. at ¶ 15. This court further held that the holding in Blakely did not apply to Ohio's sentencing framework based on our previous holding in State v. Trubee, 3d Dist. No. 9-03-65,2005-Ohio-552. Id. at ¶ 16.
 {¶ 8} On May 3, 2006, the Ohio Supreme Court remanded the case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. In Re Ohio Criminal SentencingStatutes, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174.
 {¶ 9} On July 5, 2006, the trial court resentenced Daniels pursuant toFoster. The trial court sentenced Daniels to ten years imprisonment on the involuntary manslaughter count and eight years imprisonment on the endangering children count. The trial court further ordered that the sentences be served consecutively.
 {¶ 10} It is from this sentence that Daniels appeals and sets forth one assignment of error for our review. *Page 5 
 ASSIGNMENT OF ERROR NO. I THE JUDICIALLY CREATED FELONY SENTENCING STATUTES PURSUANT TO STATE V. FOSTER VIOLATE THE DUE PROCESS CLAUSE.
 {¶ 11} In his sole assignment of error, Daniels argues that hisFoster resentencing violated the due process clause because he did not have notice or fair warning. Daniels further argues: that the constitutional and unconstitutional portions of the statute are so connected that "it is impossible to give affect to the apparent intention to the legislation after severance"; that the Foster decision departed from the doctrine of separation of powers; and that the sentencing statutes created by the Foster decision are in direct conflict with R.C. 1.58(A)(1).
 {¶ 12} This court has previously determined that the Ohio Supreme Court's holding in Foster does not violate the due process clause.State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, at ¶¶ 14-20. For the reasons expressed by this court in McGhee, we find Daniels' argument as to due process lacks merit.
 {¶ 13} Daniels committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. And, the statutory range of sentences for the felony offenses to which Daniels pled guilty has remained unchanged, thus Daniels was on notice of *Page 6 
the potential penalties for his unlawful conduct. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 14} Furthermore, the Ohio Revised Code provides for the severance remedy applied in Foster. The statute provides, "[i]f any provision of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable." R.C. 1.50.
 {¶ 15} Under R.C. 1.50, the Ohio Supreme Court had the authority to sever the provisions found unconstitutional. State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 38; R.C. 1.50. Consequently, the Ohio Supreme Court did not violate the principle of separation of powers. Id. at ¶ 38.
 {¶ 16} In addition, the Ohio Supreme Court determined that the severance remedy best preserves the "goals of community safety and appropriate punishment and the major elements of our sentencing code."Foster, at ¶ 102. The Court also determined that the severance remedy preserves the goal of providing "truth in sentencing." Id. at ¶ 101. Accordingly, we find that the severance remedy established inFoster does not make it impossible to give effect to the intent of the legislature. *Page 7 
 {¶ 17} Moreover, the retroactive application of the Foster decision to cases on direct review was mandated by the Ohio Supreme Court.Foster, at ¶¶ 103-104. This court is obligated to follow the precedent established by the Ohio Supreme Court. See State v. Dunn, 3d Dist. No. 8-06-20, 2007-Ohio-1358, at ¶ 9.
 {¶ 18} The Ohio Supreme Court remanded Daniels' case to the trial court for resentencing, and Daniels was resentenced in accordance withFoster. Daniels' sole assignment of error is, thus, overruled.
{¶ l9} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] For a more thorough recitation of the facts see this court's previous opinion in State v. Daniels, 3d Dist. No. 12-04-07,2005-Ohio-1920. *Page 1