OPINION
{¶ 1} The defendant-appellant, Dennis Hines, appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of fifteen years and five months.
 {¶ 2} In June and July 2003, Hines was the subject of a police investigation for suspected trafficking in cocaine and crack cocaine. On three occasions, Hines sold cocaine or crack cocaine to a buyer who had agreed to conduct controlled purchases. After the third transaction, officers immediately obtained a warrant to search Hines' residence. Investigators recovered cocaine, multiple plastic bags containing cocaine residue, digital scales, and more than three thousand dollars in cash, some of which was money from the third controlled purchase. At the time of the search, Hines was under a firearms disability, but the police recovered two loaded firearms from his bedroom closet.
 {¶ 3} On January 15, 2004, the Allen County Grand Jury indicted Hines on the following charges: Count One, trafficking in crack cocaine, a violation of R.C. 2925.03(A), (C)(4)(d), a third-degree felony; Count Two, trafficking in crack cocaine, a violation of R.C. 2925.03(A), (C)(4)(e), a second-degree felony; Count Three, trafficking in cocaine, a violation of R.C. 2925.03(A), (C)(4)(c), a fourth-degree felony; Count Four, possession of cocaine, a violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony; Count Five, having weapons while under *Page 3 
disability, a violation of R.C. 2923.13(A)(3), a fifth-degree felony. The court conducted a two-day jury trial in April 2004, and the jury found Hines guilty on all five counts. On June 1, 2004, the trial court imposed the following sentence: five years on count one, eight years on count two, 18 months on count three, eleven months on count four, and eleven months on count five. The court ordered the prison terms for counts one, two, and three to be served consecutively to each other, and the prison terms for counts four and five to be served concurrently to each other, but consecutive to the terms imposed on all other counts. The result was an aggregate sentence of fifteen years and five months in prison.
 {¶ 4} Hines appealed his sentence, which we affirmed. State v.Hines, 3rd Dist. No. 1-04-47, 2005-Ohio-6870. However, the Ohio Supreme Court reversed Hines' sentence pursuant to its holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 509,2006-Ohio-2721, 849 N.E.2d 284, at ¶ 4. On remand, the trial court held a new sentencing hearing and imposed the same fifteen-year and five-month sentence. Hines appeals the new sentence, asserting one assignment of error for our review.
 Assignment of Error The trial court erred in sentencing Dennis Hines to a non-minimum, consecutive prison term for aggravated robbery in violation of the United States Constitution and her [sic] rights under the Constitution. *Page 4 
 {¶ 5} Initially, we note that we could affirm the trial court's decision because Hines has failed to assign error on appeal. Hines was not indicted, tried, or convicted of aggravated robbery; however, in the interest of justice, we will consider this case on its merits.
 {¶ 6} Hines raises five arguments to support his sole assignment of error: that the holding in Foster violates due process and the ex post facto clause; that the sentence imposed violates his right to a jury trial; that the sentence violates the separation of powers doctrine; that the sentence violates the equal protection clause; and that the sentence violates the rule of lenity.
 {¶ 7} We are required to follow the precedent established by the United States Supreme Court and the Ohio Supreme Court. As such, we find no error in the trial court's decision to impose an aggregate prison term of fifteen years and five months.
 {¶ 8} We have previously considered and rejected the appellant's arguments that Foster violates due process and the ex post facto clause, that Foster violates the appellant's right to a jury trial, and that the appellant's sentence violates the rule of lenity. State v.Scarberry, 3rd Dist. No. 8-06-18, 2007-Ohio-1088;State v. Rose, 3rd Dist. No. 9-06-39, 2007-Ohio-1627;State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860;State v. Schweitzer, 3rd Dist. No. 2-06-25,2006-Ohio-6087; State v. McGhee, 3rd Dist. No. 17-06-05,2006-Ohio-5162. As to *Page 5 
Hines' due process/ex post facto argument, we note that Hines committed each offense subsequent to the United States Supreme Court's holding inApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced in Foster does not violate due process or ex post facto principles. Likewise, the sentencing ranges for felony offenses have remained unchanged, so Hines had notice of the potential sentences for each offense.
 {¶ 9} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. However, on October 16, 1006, the court denied the petition for writ of certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314. Likewise, the Ohio Supreme Court has twice denied review of our decision in McGhee. State v. McGhee, 112 Ohio St.3d 1491, 2007-Ohio-724,862 N.E.2d 118, reconsideration denied in 113 Ohio St.3d 1470,2007-Ohio-1722, 864 N.E.2d 655.
 {¶ 10} We have also considered and rejected Hines' argument that the holding in Foster violates the separation of powers doctrine. State v.Daniels, 3rd Dist. No. 12-06-05, 2007-Ohio-2281, at ¶ 14-17, citing State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; R.C. 1.50 ("Under R.C. 1.50, the Ohio Supreme Court had the authority to sever the provisions found unconstitutional. *Page 6 * * * Consequently, the Ohio Supreme Court did not violate the principle of separation of powers.").
 {¶ 11} To support his argument concerning the equal protection clause, Hines cites several portions of the Supreme Court's decision inState ex rel. Mason v. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384,819 N.E.2d 644. Hines contends that the Supreme Court gave trial judges two choices in the wake of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Either the judge could apply Ohio's sentencing laws as written, or the judge could find the statutes unconstitutional and refuse to apply those sections. Hines contends that at the time he was sentenced, the court knew Ohio's sentencing laws were unconstitutional, and the only option available was to sentence him to the lowest possible sentence for each count and impose each prison term concurrently.
 {¶ 12} Hines' argument is not a true equal protection argument; he is merely relying on a case that has been implicitly overruled in part by the Supreme Court's holding in Foster. In Griffin, the court held that Ohio's trial courts could not hold a separate sentencing jury trial for non-capital crimes. In dicta, the court provided some guidance to trial courts as to the options available to them in the wake ofBlakely. However, contrary to Hines' arguments, that dictum has been overruled by Foster. Even prior to Foster, all of the appellate districts had reviewed Blakely, and most had determined that Ohio's sentencing statutes were *Page 7 
unaffected by that holding. In those appellate districts, the only option available to the trial courts was to continue sentencing offenders under the statutes as written. In the appellate districts that found the sentencing law unconstitutional, the only option was to follow the appellate courts' guidance and apply the statutes to the extent allowed. However, the Supreme Court did not give specific guidance inGriffin, presumably to avoid an advisory opinion.
 {¶ 13} When Foster was decided, the Supreme Court went to great lengths to fashion an appropriate remedy, ultimately holding that severance was the only applicable remedy. Any question left unresolved in Griffin was answered in Foster, which did not limit courts to the lowest sentence or to concurrent sentences. Hines' reliance onGriffin in making an equal protection argument is misplaced. Accordingly, the sole assignment of error is overruled.
 {¶ 14} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1